# Wheeler *versus* Kidder.

1. Where a parent purchases real estate, and has the deed drawn to his child, no presumption of a resulting trust in himself arises.

2. A, who was solvent at the time, purchased certain land for $2,000, and had the deed executed to his infant daughter B, but expressly reserving to himself the use of the said premises during the minority of B. The deed was delivered by the grantors to A, who retained it in his possession, without recording and without delivering it to B, for about fifteen years, when the latter attained her majority. Within a year after making this purchase, A entered into oil speculations, and became insolvent. During these speculations he borrowed $8,000 from C, giving his judgment note therefor. This note was soon afterwards entered up, the land in question sold by the sheriff, in pursuance of proceedings under the judgment, and bought in by C. In an action of ejectment by B, after she was twenty-one, and after the recording of the deed, against one claiming title through C: *Held*,

(1.) That the delivery of the deed to A, was sufficient to pass the fee to B.

(2.) That the gift to B. was the money paid for the land, which was complete and irrevocable upon the payment thereof; and that the estate which passed to B, upon the execution of the deed and its delivery to A, could not be divested by the sale under C's judgment, there being no evidence of an intention on A's part to defraud his creditors by having the deed drawn to his daughter, and this, notwithstanding the non-recording of the deed.

February 4, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Erie county:* Of January term, 1884, No. 147.

Ejectment, by Caroline E. Wheeler against W. F. Kidder and Christiana Kidder, to recover a certain tract of land containing about eighty-five acres, situate in Erie county.

At the trial, before GALBRAITH, P. J., the following facts appeared: On November 24, 1864, E. M. Wheeler, who, at the time, resided with his family upon one of his farms in Crawford county, purchased for the sum of $2,000, from Clark Shaver, for his daughter, Caroline E. Wheeler, then only six years of age, a farm of about eighty-five acres, situate in the county of Erie. The deed was executed and delivered on the 26th day of November, 1864. It was a warranty deed, to "Caroline E. Wheeler, her heirs and assigns," with this reservation, viz: "with the use of the said premises to E. M. Wheeler during the minority of the said Caroline E. Wheeler." The deed was delivered by Mr. Shaver to E. M. Wheeler, and was retained by him until some time in July, 1879, (which was about four months after his daughter, Caroline, became of age,) when it was delivered by him to a

brother of Caroline, and was placed on record August 15, 1879.

When the deed was executed it was read to Shaver and his wife by the scrivener, J. D. Minniss, under the direction of E. M. Wheeler, as being executed to the said E. M. Wheeler.

Late in the fall of 1865, E. M. Wheeler made some heavy investments in oil territory at Pithole, which proved very disastrous, and he became financially embarrassed. On the 12th day of January, 1866, he borrowed of Gideon Mosier, a banker at Meadville, Pa., the sum of $8,000, giving his judgment note therefor. Judgment was afterwards entered on this note, and the premises in question sold by the sheriff, on proceedings had thereunder, to Gideon Moser, from whom it passed, by various conveyances, into the possession of Wm. H. Mead, who, on November 20, 1878, entered into a contract for the sale thereof to the defendant, W. F. Kidder. E. M. Wheeler was solvent on November 24, 1864, when he purchased the farm. Caroline E. Wheeler testified that she never saw the deed until July, 1879.

The plaintiff submitted, inter alia, the following points:

1st. "If on November 24, 1864, E. M. Wheeler was free from debt, or perfectly solvent after payment of all his existing debts, he had a right to make a gift to his daughter, Caroline, of $2,000 in money, or to invest the same in real estate for her, and the gift so made cannot be attacked by subsequent creditors, unless at the time it was made it was done with the intent of evading such subsequent debts."

Answer. "This is good law as far as it goes, but such deed would not be available to the plaintiff in the absence of a subsequent delivery to her, or to some one for her. The conveyance not having been recorded until long after the sheriff's sale and deed to Mosier."

2d. "The delivery of the deed to E. M. Wheeler, on November 24, 1864, his daughter, the vendee, being at that time only six years old, was a sufficient delivery in law to her, he being her natural guardian and trustee."

Answer. "This point is refused as inapplicable to a case where the controversy is between creditors or the vendee of a purchaser at sheriff's sale and the intended beneficiary, the daughter, however it might be as between the father and the daughter on the question of the alleged delivery for her benefit."

5th. "If the gift from the father to the child was consummated by the acts done on November 24, 1864, it was not within the power of the father afterwards to revoke it, and the fact that he continued to hold the evidence of title in his possession until August, 1879, does not affect the title itself,

which became complete in the plaintiff at the time of the original delivery." Refused.

The court, in its general charge, instructed the jury, inter alia, as follows: "Now, you are instructed, as a matter of law, that no title passed to the plaintiff by this transaction; that the taking of the deed in the name of the daughter, the father still taking and holding the possession of the property, and holding the deed, gave no title to her, and it was an unconsummated gift. It could have been revoked at any time; there was no possession in her, and no handing or delivering of the deed to anyone for her, and no putting it upon record. It was, therefore, an inchoate transaction as between the parties, and certainly between creditors. This transaction as to the creditors would have no effect whatever."

Verdict for the defendant, and judgment thereon. Whereupon the plaintiff took this writ, assigning for error, (first), the action of the court in admitting evidence to show that at the time of its execution, the deed was read by the scrivener, as being to E. M. Wheeler, instead of to Caroline E. Wheeler; and further, the answers to her points; and that part of the charge of the court above cited.

*L. S. Norton,* for the plaintiff in error.—Where a fiduciary relationship exists, such as between husband and wife, parent and child, or guardian and ward, a gift from the former to the latter need not be actually delivered to the latter, but may be retained in the possession of the grantor, and yet be a valid executed gift to the grantee. Ray *v.* Simmons, 15 Am. L. R., 701; Hillebrant *v.* Brewer, 6 Texas, 45; Kerrigan *v.* Routigan, 43 Conn., 17; Crawford's Appeal, 11 P. F. S., 52; Foster *v.* Roberts, 34 Leg. Int., 96; Malone's Appeal, 38 Id., 303; Newton *v.* Bealer, 41 Iowa, 334. In Bryan *v.* Wash, 2 Gilman, 557, the opinion of the court is, inter alia, as follows: "A deed takes effect from the time of its first delivery, without regard to the time when it actually comes into the hands of the grantee, or even if it never does. The law presumes much more in favor of the delivery of deeds in cases of voluntary settlements, especially when made to infants, than it does in ordinary cases of bargain and sale. The same degree of formality is never required, on account of the great degree of confidence which the parties are presumed to have in each other, and the inability of the grantee, frequently, to take care of his own interests. The presumption of law is in favor of the delivery, and the burden of proof on the grantor to show clearly that there was no delivery." And see Foster *v.* Mansfield, 3 Metc., 412; Hedge *v.* Drew, 12 Pick., 141; Car-

[Wheeler *v.* Kidder.]

son *v.* Phelps, 14 Am. L. Reg. (N. S.), 100; Langdon *v.* Allen, 1 W. N. C., 395.

*Wm. R. Bole* (with whom were *Benson & Brainerd*), for defendants in error.—E. M. Wheeler having purchased and paid for the land, though his daughter's name was put in the deed, there was a resulting trust to him: Jackson *v.* Matsdorf, 11 Johnson, 91. It is contended that Caroline took the land as a gift. But in order to constitute a legal gift, there must be a delivery and possession of the thing given. Collins *v.* Collins, 2 Grant, 117; Miller *v.* Hartle, 3 P. F. S., 108; Harris *v.* Richey, 6 P. F. S., 395; Rankin *v.* Simpson, 7 Harris, 471; Kidder *v.* Kidder, 9 Casey, 268; Zimmerman *v.* Streeper, 25 P. F. S., 147.

Mr. Justice GREEN delivered the opinion of the court, February 18, 1884.

The learned judge of the court below took this case and all the questions of fact involved in it from the jury, and directed a verdict for the defendant, upon the one ground that there was no delivery of the deed for the land in question to the plaintiff, and therefore she never had any title. We are of opinion that this was error. The deed conveyed the fee simple of the land to this plaintiff. She was then a child six years of age. The deed was executed on November 26, 1864, and passed the absolute title to Caroline E. Wheeler with this reservation, viz.: "With the use of the said premises to E. M. Wheeler during the minority of the said Caroline E. Wheeler." This gave an estate to E. M. Wheeler the father, in the land, during the minority of Caroline his daughter.

The whole title of the grantor was divested, and no portion of it did or could return to him. He delivered the deed on the day of its execution to E. M. Wheeler, who was practically one of the grantees having an interest under the conveyance. He was entitled by virtue of that interest to the possession of the land during the minority of his daughter, and to the custody of the deed. Without doubt here was a complete and perfect delivery of the deed so far as the grantor was concerned. We are unable to understand what additional delivery was necessary in order to perfect the title of the daughter. The title of the father was but a paper title, and the same paper which gave him his title gave title also to the daughter. There is no question of any creditors' rights involved here in this aspect of the case. The father's possession would lead to inquiry, and inquiry would at once reveal the nature of his interest and the daughter's title at the same time. As between the father and the daughter there was no
9 OUTERBRIDGE.—18.

necessity for any further delivery of the deed. He had paid the money for the land, and as it was for the benefit of a child no presumption of a resulting trust arose. Having an interest in the land under the deed he could receive and hold possession of the deed for both, and his possession of the instrument was also her possession. We cannot regard the transaction as inchoate as between the father and daughter. It was completed entirely when the land was conveyed by the execution and delivery of the deed. Had the title been made in fee simple to the father, and had he then executed a transfer to his daughter, there would be force in the position that a further act, by delivery, or at least by putting on record such transfer, would be necessary to complete the daughter's title. But here everything was done which was necessary to be done in order to vest the fee simple title of the grantor in the daughter. Surely the father could not divest the title of the daughter by any act of his. His gift was of the money which paid for the land, and when it was paid the gift was consummated and irrevocable. How then could he become clothed with his daughter's fee simple estate? Not by way of resulting trust, because that would not arise upon a mere presumption, as in the case of a stranger. Not by adverse possession, because the possession was not adverse, but in accordance with the title. Not upon the theory of an unconsummated gift, because the father never owned the land, and never assumed to convey it, and there was no such thing as an incomplete conveyance in the case. His gift was of money, and that was completed. In the present state of the record no question of fraud upon the creditors of the father arises, and hence nothing can be said on that subject. All the assignments except the first are sustained.

Judgment reversed and new venire awarded.