# Hiester, Appellant, *v.* Hiester.

*Trusts and trustees—Gift—Resulting trust.*

Where a man furnishes the purchase money for a dwelling house and places the title in the name of his deceased son's widow as a gift because of his desire to do something for her and her children, and because of services rendered to him and his wife, and the father-in-law goes into possession of the premises with the understanding that he would pay the taxes and keep the house in repair in lieu of rent, the transaction vests in the daughter-in-law an absolute title, and the father-in-law has no standing in equity to compel her to convey the premises to him.

Argued March 1, 1910. Appeal, No. 41, Jan. T., 1910, by plaintiff, from decree of C. P. Berks Co., Equity Docket, 1908, No. 957, dismissing bill in equity in case of Adam K. Hiester v. Alexander J. Hiester and Gabriel A. Hiester, individually and as executors of Lucy Ann Hiester, deceased, and Jacob A. Lesher. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to declare a resulting trust and for a conveyance of real estate.

STEVENS, J., filed the following opinion:

### FINDINGS OF FACT.

1. On March 29, 1907, George M. Miller conveyed to Lucy Ann Hiester a two-story brick dwelling house No. 255 West Buttonwood street, Reading, for the consideration of $1,800.

2. That Adam K. Hiester, the plaintiff, furnished Lucy Ann Hiester, who was the widow of his son Gabriel, the full consideration money, $1,800 as aforesaid, as a gift because of his desire to do something for his daughter-in-law and her two sons, Alexander J. Hiester and Gabriel A. Hiester, his grandchildren, and because of services

which Lucy Ann Hiester had rendered to the plaintiff and his wife for a period of seventeen years.

3. That the plaintiff went into possession of the premises with the understanding that he should pay the taxes and keep the house in repair in lieu of rent.

### CONCLUSION OF LAW.

That the title to the premises No. 255 West Buttonwood street, Reading, vested in Lucy Ann Hiester absolutely by virtue of the conveyance from George M. Miller as aforesaid.

### DISCUSSION.

The only question raised by the pleadings and evidence is whether Adam K. Hiester has a resulting trust in the property. He paid for the property, and, ordinarily, a purchase by one in the name of another creates a resulting trust. The ownership of the money which purchases a property draws to it the beneficial or equitable interest in the estate. This, however, is a mere presumption which may be rebutted. Ordinarily the burden of proof is upon the nominal purchaser to show that he was intended to have some beneficial interest. Where, however, the nominee in the title is a wife or a child or a grandchild, or one to whom the purchaser stands in loco parentis, the moral obligation to provide for such party is at once recognized and an advancement may be presumed. The presumption may also be rebutted by the declarations of the purchaser, made at such time and in such immediate connection with the purchase as to be a part of the res gestæ. Also by his declarations made afterwards which bear upon his intention at the time.

The question as to whether a resulting trust exists in any case must depend upon the intention of the grantor. The plaintiff rests his case solely upon the payment of the purchase money, aided by the testimony of a single witness concerning declarations of the plaintiff in the presence of Lucy that Lucy had bought a house, that the

plaintiff had paid for it and that whenever he wanted it she would give him a deed for it, but if he did not want it it was hers, and that Lucy said she knew it was not hers. The answer of Lucy who is now dead sets forth that the money was given to her as a gift because plaintiff had never done anything "for me and my sons, his grandchildren, and because I had given him and his wife valuable services for seventeen years." The defendants called in corroboration of this story two witnesses who were present on the day the deed was executed, who testified that the plaintiff in a conversation with his attorney stated that he had no house, that the house was his daughter-in-law's and that he was moving into his daughter-in-law's house. In addition, there is proof of subsequent declarations made by the plaintiff to the effect that he had not done right towards Lucy, that she had nursed his sick wife and that he now had bought a house and lot for her and deeded it to her and that it was hers. Ordinarily, declarations of the purchaser must be made at the time and in immediate connection with the purchase. It has been said by the Supreme Court in Edwards v. Edwards, 39 Pa. 369, that declarations before the purchase can import no more than an intention, which, because it is a mere mental purpose, may be changed. If after, they would operate to divest an equitable estate and therefore are unworthy to be received. But the intention of the parties at the time is the essential element, and declarations made afterwards bearing upon that intention are competent as throwing light thereon: Warren v. Steer, 112 Pa. 634.

It is objected that the allegations in the answer concerning the consideration are not to be considered as not being responsive to the bill; that the facts stated in the answer are only to be considered in so far as they affect the payment of the purchase money, and that the payment of the purchase money not being denied, the presumption of a resulting trust arose therefrom, and that no other part of the answer is material. When the plain-

tiff calls upon the defendant to answer the allegations contained in the bill, he, of course, makes him his witness for that purpose and for no other. The defendant is bound to set forth whatever constitutes in truth the facts stated in the bill. Thus, if the plaintiff states a contract as the foundation of his equity, the defendant has a right to state the whole of such contract. The plaintiff cannot give only his part of the contract and bar the defendant, after an admission of that part, from describing truly all the facts.

The principles which must guide us in a consideration of this question are fully set forth by Justice SHARSWOOD in Eaton's App., 66 Pa. 483. The distinction is therein stated to be between allegations upon those subjects upon which the bill requires an answer, and allegations of new matter not stated or inquired of in the bill, but introduced by the defendant in his defense. Whether the plaintiff calls upon the defendant to make an answer which must directly deny or affirm some statement, or whether he requires him to make a statement of the facts upon the particular subject-matter, the principle is the same. If the answer which is required involve some statement favorable to the defendant other than matter merely in denial of the plaintiff's allegation, the defendant, being required to furnish that matter, is entitled to the benefit of it. An answer does not set up a fact by way of avoidance merely when it is only a response which the defendant is obliged to make to the bill of the plaintiff. The test of responsiveness is if the whole subject-matter of the statement or allegation in the answer might have been left out, then the allegation in the answer upon that subject is in no way responsive to the bill—the bill requiring no statement upon that point. But if the omission of some statement upon that subject would furnish just ground of exception to the answer, then the statement to the extent to which it is required, and whatever its character, whether affirmative or negative, is but a response to the requisition of the plaintiff. The question

raised in Eberly v. Groff, 21 Pa. 251, seems to be in point. The bill charged that an assignment was without consideration. The answer denied that it was without consideration, and proceeded to set forth what the consideration was, and it was held to be responsive.

So in this case the bill charges the payment of the consideration money by the plaintiff under an agreement that the purchase was made for the defendant by the plaintiff that whenever requested the said defendant would convey the legal title to the property to the plaintiff, with the further allegation that the defendant delivered to the plaintiff possession of the premises and that the plaintiff removed there with his family and has continued to reside there, making all repairs, etc., and having exclusive possession and exercising exclusive ownership.

The answer admits the payment of the money by the plaintiff but sets out a consideration in accordance with the facts as here found, and further explains the possession of the premises by the plaintiff under the agreement as herein found.

Under the principles as above set forth it seems clear to us that the answer as to the facts herein found are strictly responsive to the bill. The question under consideration was carefully considered in Roberts's App., 85 Pa. 84, in an opinion filed by Judge THAYER and adopted by the Supreme Court. The language used in applying the principles of law to the facts applies precisely to the conclusions which we have reached and we therefore adopt it. "This brings us to what appears to us to be the real question in this case, and that is, whether there is here sufficient evidence to rebut the presumption of a resulting trust, which always arises where a conveyance has been made without consideration to one, of an estate or other property which has been purchased with the money of another. The presumption of such a resulting trust is always rebutted, to use the language of the books, where the purchase may fairly be deemed to be made for another, from motives of natural love and

affection. Thus a purchase in the name of a child or of a wife is uniformly held by the unaided force of the relationship alone to rebut the presumption, unless there be clear evidence to show that the donee was intended to be a mere trustee. "It is contended that the presumption of a resulting trust cannot be rebutted in the present case because the donee is not related by blood to the donor. Yet the ordinary case of a gift to a wife shows conclusively that blood is not a necessary ingredient to give effect to the presumption rebutting such a trust. The presumption in favor of a wife or child, which rebuts the resulting trust, is doubtless founded on the moral obligation which rests on the donor to provide for them, and the inference which arises therefrom, that it was the intention of the donor thus to provide for them, and that they should not hold as trustees. But why may not the presumption also arise where these relationships do not exist, if there is clear evidence to show that such was the manifest intention of the donor? It is quite clear that other circumstances and other relations in life, besides the relationship of parent and child, or husband and wife, may sufficiently rebut the presumption of a resulting trust. Thus a gift to a sister; a grandmother to grandchildren; a stepfather to a stepchild; a relation by marriage. Whether there is or not a resulting trust must always depend upon the intention of the grantor. As the presumption which arises in favor of a wife or child is founded exclusively upon the intention of the grantor inferred from the relationship, it would be extremely illogical to hold that a like presumption could not be derived from other circumstances clearly showing the same intention, and especially from proof of the express and deliberately declared wishes of the grantor.

Counsel may prepare and submit the proper decree in accordance with the foregoing findings and conclusions, sec. reg.

*Error assigned* was decree dismissing the bill.

*Isaac Hiester*, with him *B. Y. Shearer*, for appellant.—
One who furnishes the purchase money for a property
of which he takes possession and exercises all the rights
of ownership becomes the owner although the title is
taken in the name of another (not a wife or child) for
whom he intends it as a gift when it shall suit him to de-
liver possession: Lynch v. Cox, 23 Pa. 265; Galbraith v.
Galbraith, 190 Pa. 225; Edwards v. Edwards, 39 Pa. 369.

*Snyder & Zieber*, with them *Wilson S. Rothermel*, for
appellees.

PER CURIAM, April 25, 1910:

The decree appealed from is affirmed on the findings
of fact and conclusion of law by Judge STEVENS.

---

# Stradley *v.* Bath Portland Cement Company, Appellant.

*Res adjudicata—Master and servant—Judgment.*

1. Where a person employed for one year at a fixed salary payable
in monthly installments, brings an action against his employer to
recover the first month's salary, and in his statement of claim duly
sets forth the contract and its terms, and avers performance of duties,
and nonpayment for same, and judgment is entered against the
defendant for want of an affidavit of defense, and such judgment is
paid, the judgment if unimpeached and unreversed, is res adjudicata
in a later suit to recover other monthly installments of pay, as to all
matters relating to the contract set forth in the plaintiff's statement
of claim in the first suit.

2. In such a case the fact that the first suit was on the contract
for one month's salary, and the second for damages arising from a
breach of the contract, makes no difference as to the application of
the doctrine of res adjudicata to such material issuable facts as are
common to both.

*Master and servant—Salary—Installments—Actions.*

3. When an employee on a contract for a fixed period, at a per
annum salary payable monthly, has been wrongfully discharged, he
can, if he sees fit, bring a separate action as each installment of salary