# Northern Trust Co., Executor, *v.* Huber et ux., Appellants.

*Decedents' estates—Gift by decedent in his lifetime—Gift to son and daughter-in-law—Evidence—Burden of proof—Presumption of fairness—Possession—Continuity of possession.*

1. Where a decedent in his lifetime voluntarily gave certain assets into the possession of his son and daughter-in-law with whom he resided, without words showing any intention to limit the right of either in the ownership, and they retained possession of them until after his death, and the executor, in a suit against the son and his wife to recover such assets, claimed that they were merely given for safe-keeping, defendants by proving the facts as stated met the preliminary burden cast upon them, but the question as to a gift still remained one for the jury, resting as it did on parol.

2. Defendants having shown an unqualified transfer of possession, the burden then shifted to plaintiff to establish a delivery of the property on some condition or trust.

3. In such case the mere fact that the decedent was old and feeble, and that he lived with defendants, raised no presumption as to the invalidity of the gift, and the burden was on the executor to prove facts establishing undue influence.

4. The presumption of fairness in such transaction applies to the daughter-in-law the same as to the son.

5. In case of strangers, a different rule prevails, and the law then casts upon the donee the burden of showing the gift was the voluntary and intelligent act of the donor.

*Appeals—Charge—Answers to points—Points refused and not read—Assignments of error—Request that the charge be filed of record—Exceptions.*

6. Where a point offered by plaintiff is affirmed and an exception taken by defendant, and plaintiff asks that the charge be filed of record, defendant may assign as error the answer to the point, inasmuch as it is immaterial which of the parties makes the request that the charge be filed, if in fact the request is made.

7. Such answer may be reached by an assignment of error based on the refusal of judgment n. o. v.

8. If points are refused and not read, a special request must be made for filing of record the points disallowed; otherwise they are not certified as a portion of the statement of the court to the jury, and not having been included in the general instructions, do not become part of the charge brought before the appellate court.

*Appeals—Assignments of error—Refusal of nonsuit.*

9. Refusal to enter a compulsory nonsuit is not subject to review on appeal.

Argued March 23, 1922. Appeal, No. 304, Jan. T., 1922, by defendants from judgment of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 1819, on verdict for plaintiff, in case of Northern Trust Co., Executor of Christian Huber, deceased, v. John Huber and Clara Huber. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit and detinue to recover cash and securities. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,741, and for the assets in dispute. Defendants appealed.

*Errors assigned,* inter alia, were (2) answer to plaintiff's point, quoting it, and (4) refusal of judgment for defendants n. o. v., quoting record.

*Owen J. Roberts,* with him *George G. Chandler* and *Lewis J. Finestone,* for appellants.—The trial judge erred in refusing (a) to enter a compulsory nonsuit, and (b) to direct a verdict for defendants after hearing the evidence: Maxler v. Hawk, 233 Pa. 316.

On the court's wrongful refusal to enter a compulsory non-suit, defendants assumed the burden of proof and

established by uncontradicted evidence a valid gift inter vivos: Yeakel v. McAtee, 156 Pa. 600; Strang's Est., 68 Pa. Superior Court 224; Carney v. Carney, 196 Pa. 34; Compton v. Hoffman, 265 Pa. 257; Neureuter v. Scheller, 270 Pa. 80.

Plaintiff failed to meet the burden of disproving the presumptively valid gift inter vivos, and the court should have directed a verdict for defendants.

*G. C. Ladner* of *Ladner & Ladner,* with him *William Henry Snyder,* for appellee.—Defendants did not establish by uncontradicted evidence a valid gift inter vivos: Yeakel v. McAtee, 156 Pa. 600; Scott v. Reed, 153 Pa. 14; Fross's App., 105 Pa. 258; Sullivan v. Hess, 241 Pa. 407; Turner's Est., 244 Pa. 568; Wise's Est., 182 Pa. 168; Maxler v. Hawk, 233 Pa. 316; Smith's Est., 237 Pa. 115; Worrall's App., 110 Pa. 349; Darlington's Est., 147 Pa. 624; Matthaei v. Pownall, 235 Pa. 460; Hasel v. Beilstein, 179 Pa. 560.

OPINION BY MR. JUSTICE SADLER, May 15, 1922:

Plaintiff, as executor of Christian Huber, brought an action of assumpsit and detinue against the decedent's son, John Huber, and his wife, to recover the value of certain property alleged to be a part of the assets of the father's estate. It may be noted preliminarily that all of the claims were abandoned with the exception of a demand for $600 in U. S. Liberty Bonds transferred to John on April 16, 1919, and $2,626.75, turned over in cash to the daughter-in-law on July 16, 1919. The statement filed averred the property in question was in the possession of decedent on the dates mentioned, and it was handed to defendants for safe-keeping, because of his age and feeble health, but no specific allegation of wrongful conduct inducing this action appears. By way of defense, a voluntary gift was asserted.

On the trial, plaintiff rested after offering portions of the pleadings showing title to the property at one time

in the father, and the present possession by defendants, depending upon the presumption of a continuance of the original admitted ownership. An application for a compulsory nonsuit was refused, though such might have been justified,—the possession of the property, negotiable as it was, showing, prima facie, defendants to be holders in due course: Maxler v. Hawk, 233 Pa. 316, 326. The action of the court overruling the motion is not, however, the subject of review: Keck v. Pittsburgh, etc., Ry. Co., 271 Pa. 478. Evidence was then offered by defendants to prove the transfers were voluntary, and the facts thus elicited are to be considered in passing upon the questions here involved, whether favorable to the one furnishing them, or to his adversary: Husvar v. D., L. & W. R. R. Co., 232 Pa. 279. It must, therefore, be determined whether sufficient is disclosed by the record to justify the verdict rendered for plaintiff, and, if so, were the court's instructions to the jury erroneous?

The testimony indicated a voluntary transfer of the bonds to the son, and the money to his wife, without words showing an intention to limit the rights of either in the ownership. In view of the family ties of the parties, one a son, and the other a daughter-in-law, with both of whom he resided, this act was a sufficient indication of an intention to make a gift, and, by so proving, the defendants met the preliminary burden cast upon them in such cases, though the question still remained one for the jury, resting as it did on parol: Second Nat. Bank v. Hoffman, 229 Pa. 429; Brown v. Judge, 77 Pa. Superior Court 106. The principles controlling have been recently set forth by this court (Yeager's Estate, 273 Pa. 359), and a repetition of what is there said is needless. Having shown an unqualified transfer of possession, the burden then shifted to the plaintiff to establish a delivery of the property upon some condition or trust, as averred in the statement of claim: Crosetti's Estate, 211 Pa. 490; Robinson v. Powell, 210 Pa. 232. This was not met by any testimony produced.

Appellee urged, however, it was made to appear the father was old and feeble, from which facts, and the joint residence with defendants, the jury could find the exercise of improper influence in securing the property. Again, a presumption arises, by reason of the relationship of the parties, that the invalidity of the gift is not to be assumed under these circumstances, and facts establishing undue influence must be shown affirmatively by those attacking the transaction: Vaughn v. Vaughn, 217 Pa. 496; Carney v. Carney, 196 Pa. 34; Strang's Estate, 68 Pa. Superior Court 224; Wendt's Estate, 14 Pa. Superior Court 644. In the case of strangers, a different rule applies, and the law then casts upon the donee the burden of showing the gift was the voluntary and intelligent act of the donor: Stepp v. Frampton, 179 Pa. 284.

One of the defendants in the present case was the son, and the rules stated clearly apply to him. The same we think is true as to his wife, who received the money. Both lived with the father in the same house as one family, and, though not a daughter in fact, she was in law. The like presumption of fairness has been raised where other relations were concerned, such as husband and wife (Crosetti's Estate, supra), or a sister (Funston v. Twining, 202 Pa. 88); and, in other jurisdictions, in case of adopted children (Sears v. Vaughn, 230 Ill. 572, 82 N. E. 881; Stanfill v. Johnson, 159 Ala. 546, 49 So. 223), or a son-in-law: Beanland v. Bradley, 2 Smale & G. 339. See 29 Cyc 1660. This court said in the case of a housekeeper (Worrall's App., 110 Pa. 349, 364): "There is nothing in the relation of parent and child, or other near relation, to preclude one from accepting a benefit from the other in the shape of a gift, or of a contract upon more advantageous terms than would have been granted to a stranger, and the fact that such a gift has been conferred, or contract made, will not warrant an inference that it has been procured by undue influence." "[When] gained by kindness and affection [it] will not be re-

garded as undue, if no imposition or fraud is practiced":
Mackall v. Mackall, 135 U. S. 167.

The legal principles having been stated, it remains to determine whether they were properly applied in the instructions given to the jury by the learned court below. It affirmed the first point of plaintiff (second assignment of error), which reads as follows: "The burden of proving that a gift was made is upon the one who alleges it, and if the relations between the donor and donee are such that because of weakness, dependence or trust justifiably imposed, unfair advantage is rendered probable, the transaction is presumed void and the burden of proof is upon the donee to show that all was fair, open, voluntary and well understood." This language is taken from Stepp v. Frampton, 179 Pa. 284, 289, quoting in part Beach on Equity, omitting however, the important opening sentence, showing when the rule stated should be enforced. It is: "But when the relations existing between the contracting parties appear to be of such a character as to render it certain that they do not deal on equal terms," the burden is upon the claimant to show the fairness of the transaction, and it was properly so held in that case, where the assignment of mortgages had been obtained by a stranger from an aged and mentally infirm man. Here, as already noted, no such duty as to proof rests upon the donee by reason of the relationship existing. The error pointed out could not fail to prejudice the defendants, and makes necessary a retrial.

It is urged, however, that this assignment cannot be considered in view of the record presented. Defendants excepted to the affirmance of the point, but did not ask that the charge be filed of record. This was done by the plaintiff, however, and thus the entire instructions, including points answered, were put in position for review. It is true an exception by the one who complains of a ruling must always appear,—it does in this case,—and a request must be made that the charge

with the points and answers be written out and filed of record by one of the parties,—it matters not which, so long as the instructions given are certified. If this is asked as to the charge alone, it will include it and such points as have been answered, as that action makes the latter a part of the former: Stine v. P. R. R. Co., 271 Pa. 115. But if the points are refused, and not read, as in Ward v. Babbitt, 270 Pa. 370, then a special request must be made for filing of record the points disallowed; otherwise, they are not certified as a portion of the statement of the court to the jury, and not having been included in the general instructions, do not become part of the charge brought before us. Even if this were not true, the error complained of here could be reached by the fourth assignment, based on the refusal of judgment n. o. v.; in such case a new trial may be ordered in appropriate cases on appeal. Binding instructions could not have been granted on request of defendant, as herein pointed out, and the first and fourth assignments are overruled. The third need not be considered; the second is sustained.

The judgment is reversed and a venire facias de novo awarded.