# Epstein *v.* Ratkosky et al., Appellants.

*Trusts and trustees — Paying purchase money of real estate — Taking title in name of another—Parent and child—Gift—Presumption—Resulting trust—Evidence—Appeal—Review.*

1. Where one purchases an estate with his own money and the deed is taken in the name of another, a trust of the land results by presumption or implication of law, and without any agreement with him who advances the money.

2. Where a parent pays the purchase money of real estate and has the title placed in the name of a child, there is a presumption of a gift to the child.

3. Such a transaction raises a presumption only of a gift, and it may be rebutted by competent evidence that it was the parent's intention not to make a gift but rather to retain the equitable estate in himself.

4. If such presumption is rebutted, then there is a resulting trust by implication in favor of the parent.

5. Where it is established that the parent paid all the purchase money, what his intention was may be proved by the same quantum or degree of evidence required to establish any other fact upon which a judicial tribunal is authorized to act.

6. The evidence must be directly to the point, and, if it is, though contradicted, the weight of it which satisfies the conscience of the chancellor is sufficient.

7. In determining the parent's intention, the court will consider, as an important circumstance in establishing a resulting trust in his favor, that the payment represented practically his entire estate, and that the child knew this.

8. Explanatory circumstances accompanying the transaction or subsequent conduct which tends to show what the past intention was, are competent for this purpose.

9. A finding of a chancellor based on sufficient evidence that the parent did not intend a gift, will be accepted by the appellate court.

*Equity—Jurisdiction—Resulting trust—Fund in bank — Fund withdrawn.*

10. Where jurisdiction has attached in equity for any purpose, it will be retained to round out the controversy.

11. Where a fund in bank is subject to a resulting trust and a portion thereof has been withdrawn and secreted by the trustee, the court having jurisdiction over the portion in bank will extend its jurisdiction over the portion withdrawn.

Argued March 18, 1925.   Appeal, No. 30, March T., 1925, by defendants, from decree of C. P. Allegheny Co., Oct. T., 1923, No. 2529, on bill in equity, in case of Louis Epstein v. Fannie Ratkosky and the First National Bank of New Kensington.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for accounting.   Before ROWAND, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.   Defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Harry C. Markle*, of *Kaufman & Markle*, with him *L. S. Levin*, for appellants.—Equity has no jurisdiction in this case, there being a complete and adequate remedy at law: Sprigg v. Ins. Co., 206 Pa. 548.

When property is purchased by a father who takes title in the name of his wife or daughter, there is no re-

sulting trust, and instead there is a presumption of a gift or advancement: Earnest's App., 106 Pa. 310; Loeffler's Est., 277 Pa. 317; Yeager's Est., 273 Pa. 359; Neureuter v. Scheller, 270 Pa. 81; Dollar Savings & Trust Co. v. Trust Co., 223 Pa. 286.

The evidence in this case as shown by the testimony does not measure up to the standard required.

The evidence must be corroborated by two witnesses, or one witness and corroborating circumstances, to establish a resulting trust: Robinson v. Powell, 210 Pa. 232; Brawdy v. Brawdy, 7 Pa. 157; Todd v. Campbell, 32 Pa. 250; Honesdale Glass Co. v. Storms, 125 Pa. 268; Spencer v. Colt, 89 Pa. 314; Tritt v. Crotzer, 13 Pa. 451; Cullmans v. Lindsay, 114 Pa. 166.

*Chas. H. Sachs,* of *Sachs & Caplan,* for appellee.—The facts and circumstances in this case show that no gift was intended, of his property, consisting of practically everything he owned in the world: Hayes' App., 123 Pa. 110; Lynch v. Cox, 23 Pa. 265; Casciola v. Donatelli, 218 Pa. 624; Smithsonian Institute v. Meech, 169 U. S. 398; Murphy v. Nathans, 46 Pa. 508.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1925:

This litigation is between father and daughter; the father is plaintiff, the daughter, defendant and appellant.

The essential facts out of which the case arises are these: The father purchased a store property; he paid $12,000 for it, $7,500 in cash and assumed two mortgages amounting to $4,500. The property represented substantially all his possessions. The daughter was not present when he made the settlement; he directed that the deed should be made to her, which was done. She admits she paid none of the consideration, that her father paid it all. On the latter's behalf the argument is made that this fact of itself raises the presumption of a resulting trust in his favor. "Where one purchases an

estate with his own money and the deed is taken in the name of another, a trust of the land results by presumption or implication of law, and without any agreement, to him who advances the money": Casciola v. Donatelli, 218 Pa. 624, 630; Lynch v. Cox, 23 Pa. 265, 268; Asam v. Asam, 239 Pa. 295, 297; King v. King, 281 Pa. 511, 513.

Appellant contends that where, as here, title to the purchased property has been placed in a daughter's name, there is a presumption of a gift to her. Although appellant has cited only cases involving husband and wife in support of her contention, there are decisions which show our rule to be the same as to father and child, namely, that, although a father has made payment of the purchase price, if title is made in the name of a child, there is a presumption of a gift to the child: Phillips v. Gregg, 10 Watts 158, 171; Murphy v. Nathans, 46 Pa. 508, 513; Shaw v. Read, 47 Pa. 96, 103; Wheeler v. Kidder, 105 Pa. 270, 274; Kern v. Howell, 180 Pa. 315, 322. This, however, is only a presumption and even in cases involving husband and wife, father and child, or other closely related persons, whether the transaction was a gift is a matter of intention which is to be ascertained from the attending circumstances: Phillips v. Gregg, 10 Watts 158, 171; Murphy v. Nathans, 46 Pa. 508, 513; Kern v. Howell, 180 Pa. 315, 322; Hiester v. Hiester, 228 Pa. 102, 107; 1 Perry on Trusts (6th ed.) secs. 146 and 147. Being only a presumption, it can, of course, be rebutted by competent evidence that the father's actual intention was not to make a gift to his daughter but, rather, to retain the equitable estate for himself. To ascertain the real intention, evidence tending both to rebut and to sustain the presumption will be received. Explanatory circumstances accompanying the transaction or subsequent conduct which tends to show what the past intention was are competent for this purpose: Phillips v. Gregg, 10 Watts 158, 171; Murphy v. Nathans, 46 Pa. 508, 513; Kern v. Howell, 180 Pa. 315,

322; Hiester v. Hiester, 228 Pa. 102, 104; Gassner v. Gassner, 280 Pa. 313, 317; 1 Perry on Trusts (6th ed.) sec. 147; 3 Pomeroy's Equity Jurisprudence (4th ed.) sec. 1041.

That the father paid the entire purchase price not being disputed, we are not concerned with any question of the weight and sufficiency of the evidence which is necessary to establish a resulting trust in his favor (as to which, see Walker v. Walker, 254 Pa. 220, 228; Olinger v. Shultz, 183 Pa. 469, 474-5) but the question as to the evidence necessary to overcome the presumption of a gift to the daughter remains. The appellant contends that it should be clear, precise and indubitable. Although there is some confusion in the cases and a failure in others to distinguish between the situations (a) where the main question is as to whether the alleged cestui que trust furnished the purchase money, and (b) where it is admitted that he did furnish the consideration but the dispute is as to whether a gift was intended, these are separate and distinct problems calling for different degrees of proof: 3 Pomeroy's Equity Jurisprudence (4th ed.) 2362, note. Whatever quantum is necessary in the former instance, as to the latter we agree with the Supreme Court of Illinois (Hartley v. Hartley, 279 Ill. 593, 117 N. E. 69, 73, a case strikingly similar to the one in hand) that, "it is the intention of the parties in such cases that must control, and what that intention was may be proved by the same quantum or degree of evidence required to establish any other fact upon which a judicial tribunal is authorized to act." See also Kern v. Howell, 180 Pa. 315, 322; Gassner v. Gassner, 280 Pa. 313, 317. The evidence in rebuttal of the presumption must be directly to the point, but, if it is, though contradicted, the weight of the evidence which satisfies the conscience of the chancellor is sufficient.

It is the daughter's contention that the testimony in plaintiff's behalf did not overcome the presumptive gift to her and the evidence which she produced that there

had been an actual gift, which fact she asserted. A witness called by her testified that he had heard the father tell his daughter he had bought a property for her, but on cross-examination he was in doubt as to whether plaintiff said he had bought, or was going to buy, and as to whether he had said he was going to give it to his daughter or had given it to her. On behalf of the father, it was shown, without contradiction, that he negotiated the purchase, paid the entire consideration and that its payment represented practically his entire estate (an important circumstance: Dorman v. Dorman, 187 Ill. 154, 58 N. E. 235; Skahen v. Irving, 206 Ill. 597, 69 N. E. 510), this the daughter knew; that he made other payments on account of the property out of his own pocket for insurance, interest on mortgage and for repairs, that he went into possession of the property, that when it was sold for $16,600, the check in settlement was drawn to the order of the daughter, who deposited it in bank and immediately gave him $4,000 thereof, $1,000 in cash and $3,000 in a check, which he deposited in his own bank account; the balance of the consideration, $8,600, was placed in a saving fund account to the daughter's credit. It further appeared, without contradiction, that the father paid the daughter's expenses connected with going to this settlement. Immediately after purchasing the property, the father went into possession of it and conducted a business therein, paying no rent for the part he occupied and receiving all the rents from those who were tenants of the other portions of it. He deposited the rents in the daughter's name, but when the property was sold she turned over to him all of the money in this account.

The father and his wife did not live together, and after the property had been sold he went to live with the defendant, although it does not appear that there was any agreement on the latter's part to support him. Differences arose between them, which resulted in his leaving the house and demanding from her the balance of the purchase price of the property. She refused to give it to

him. He retained counsel, who notified the bank not to pay the money over to the daughter, but before this notice was received, she went to the bank and being unable to draw the money because of a rule of the institution as to notice, negotiated a loan from it for an amount slightly less than the deposit and received the money, which she appears to have secreted, although claiming to have invested it in liberty bonds. Her testimony as to where she bought the bonds and as to what she had done with them was so incredible that the chancellor gave no weight to it. He credited the testimony of the father and refused to believe that of the daughter alleging the gift, and found as a fact that there was no gift. Such finding, supported as it is by the evidence, is accepted by us: Gassner v. Gassner, 280 Pa. 313. Since the presumption of a gift to the daughter has been rebutted, her standing is the same as that of a stranger. It being admitted that the father paid the purchase price and having been shown to the chancellor's satisfaction that it was not his intention, by putting title in his daughter, to make a gift of the property to her, there is a resulting trust by implication of law in favor of the father.

The question was duly raised by appellant as to whether equity had jurisdiction, the allegation being made that the demand of the father was but a money demand. When the bill was filed, however, against the daughter and the bank in which she had deposited the money, there was still money left in the bank in the daughter's name and whatever its amount it was chargeable with the trust in the father's favor if the trust was established. This gave equity jurisdiction, and, jurisdiction having attached in equity for any purpose, it will be retained to round out the controversy: Schermer v. Wilmart, 282 Pa. 55; Miron v. Percheck, 279 Pa. 456; 1 Pomeroy's Equity Jurisprudence, (4th ed. 1918) secs. 181, 231 et seq.; 21 Corpus Juris 137.

The final decree entered by the chancellor directed defendant to pay over to plaintiff the money in her hands found to belong to him, with interest thereon, and that the bank pay the plaintiff the balance of the deposit remaining with it to the credit of the defendant. We have not been convinced that this disposition of the case was wrong. The court below had the parties and their witnesses before it; their credibility was for it, not for us. There is sufficient evidence in the record to uphold the decree, and, therefore, it is affirmed, and the defendant, Fannie Ratkosky, is directed to pay the costs.