390 A.2d 796

**Michael S. MERMON and Helen Mermon, his wife, Appellants,**

v.

**James M. MERMON and Anne S. Mermon, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued March 22, 1978.

Decided July 12, 1978.

230

Richard W. Cleckner, Harrisburg, for appellants.

William H. Mitman, West Chester, with him Harold S. Irwin, Jr., Carlisle, for appellee, Anne Mermon.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, and HESTER, JJ.

HESTER, Judge:

This is an appeal from a Final Opinion and Decree wherein the Chancellor found that the Appellants had failed to rebut the presumption of a gift to either of the Appellees. The Chancellor therefore refused to impose either a resulting trust or an equitable lien on either of Appellees' undivided interests in the property here in dispute.

The facts may be summarized as follows:

Appellants are husband and wife. Appellees are husband and wife. The Appellants are the parents of Appellee James M. Mermon, and the in-laws of Appellee Anne S. Mermon. On March 29, 1973, a parcel of real estate, together with improvements, known and numbered as 145 Winfield Drive, Hampden Township, Cumberland County, Pennsylvania, was purchased in the names of Appellees, James M. Mermon and Anne S. Mermon, his wife. (Appellants' Trial Exhibit 2). The purchase price of said residence was $63,900 and was provided by Appellants (R–94a–6a). Thereafter, the residence was partially furnished with funds provided by the Appellants (R–75a). The total cost for the furnishings approximated an additional $15,000 to $16,000.

No written agreement of any nature was entered into by Appellants and Appellees prior to or at settlement. The deed to the property names the Appellees as grantees (R–31a).

Thereafter, on December 24, 1973, Appellee James M. Mermon executed a writing on Appellant's personal stationery which purports to be a documentation of the "loan" of $80,000 by Appellants to Appellee James M. Mermon (Appellants' Trial Exhibit No. 1). This document contains the signature of Appellee James M. Mermon only, and provides in full:

"December 24, 1973

Dear Mother and Dad and my sister Jeanne:—

I hereby declare that I will pay off the loan of $80,-000.00—(Eighty Thousand Dollars)—that you lent to me for the purchase of a new home and for the furnishings thereof. This new home is located at 145 Winfield Drive, Point Ridge Farms, Camp Hill, Pa.

/s/ James M. Mermon

Witness:

/s/ Robert Lazorchick"

On March 20, 1974, Appellee Anne S. Mermon, also known as Anne Stewart Mermon, filed a Complaint in Divorce

against Appellee James M. Mermon (Exemplification of the Docket—Appellees' Trial Exhibit 1).

Thereafter, on August 20, 1974, Appellants filed the instant Complaint in Equity seeking the imposition of either a resulting trust or an equitable lien on said property. On October 9, 1974, Appellants filed an Amended Complaint in Equity.

On October 28, 1976, the case came before the Honorable George C. Eppinger, President Judge, 39th Judicial District, Specially Presiding. On July 26, 1977, the Chancellor filed an Opinion and Final Decree denying Appellants' request for the imposition of either a resulting trust or an equitable lien on said property. It is from this Final Decree that the instant appeal has been taken.

We agree with the Chancellor's findings and Final Decree, and therefore affirm.

■ In the instant case, the Chancellor was correct in his application of the law of Pennsylvania in ruling that there is a rebuttable presumption of a gift to a daughter-in-law.

■ The general rule that a resulting trust arises where a transfer of property is made by one person and the purchase price is paid by another. *Restatement of Trusts 2nd*, Sec. 440 at page 393 has numerous exceptions; including one where ". . . the transferee is a wife, child, or other natural object of bounty of the person by whom the purchase price is paid, . . ."[1]

The "relative or other natural object of bounty" exception which presumes a gift and not the imposition of a resulting trust, has been rightfully found to include transferee-daughters-in-law. In *Hiester v. Hiester*, 228 Pa. 102, 77 A. 419 (1910) and *Northern Trust Co. v. Huber*, 274 Pa. 329, 118 A. 217 (1922), the Pennsylvania Supreme Court held that

1. R. Trusts 2nd, Sec. 442 at p. 402. "where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child, or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property."

daughters-in-law were entitled to the benefit of the afore-mentioned presumption of a gift. In *Hiester*, the Supreme Court concurred in the Chancellor's application of the presumption of a gift to a daughter-in-law and commented:

It is quite clear that other circumstances and other relations in life, besides the relationship of parent and child, or husband and wife, may sufficiently rebut the presumption of a resulting trust. Thus a gift to a sister, a grandmother to grandchildren, a stepfather to a stepchild, a relation by marriage. (supra, 228 Pa. at p. 107, 77 A. at p. 421).

Similarly, in *Huber*, the Supreme Court concluded ". . . though not a daughter in fact, she was in law'" (supra, 274 Pa. at p. 333, 118 A. at p. 218).

Moreover, there is nothing in the record which negates the application of the presumption in the instant case. The record reflects that over the years, Appellants had made numerous gifts to the Appellees including cash, payment of rent and automobiles.

In addition, the record is clear that the Winfield property was transferred to the Appellees as tenants by the entireties at the March 29, 1973 closing. Surely it would not be incongruous to argue that an undivided one-half interest was intended as a gift to Appellee James while the transfer of the other undivided one-half interest to Appellee Anne was not presumed to be a gift.

▮▮▮▮ Whether there is a resulting trust must *always* depend upon the intentions of the grantor. The presumption of a gift is rebuttable by proof of a contrary intention; and on such rebuttal a resulting trust arises.

*Restatement of Trusts 2nd*, § 443 provides:

§ 443. Rebutting the Presumption of a gift to a Relative
Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.

██ Moreover, "it is the intention of the payor at the time of the transfer and not at some subsequent time which determines whether a resulting trust arises." (Comment a. *Restatement of Trusts 2nd*, 443, p. 404).

Be that as it may, the presumption of a gift to either or both of the Appellees could have been overcome and a resulting trust impressed had Appellants introduced either "clear, explicit, and unequivalent evidence"[2] or evidence sufficient in degree to prove the equivalent of any fact in a case[3] in order to rebut the presumption of a gift.

The record is void of any writings, documents or other clear or unequivocal statements evidencing that at the time of the real estate transaction in question, Appellants intended Appellees to receive anything other than full beneficial interests in the property. The Chancellor found that the conversations testified to by Appellants and Appellee James, were not made at the time and in immediate connection with the real estate purchase. The Chancellor correctly found that the conversations testified to were neither of such probative value nor so clear, convincing and unequivocal as to rebut the hereinbefore discussed presumption of a gift to Appellee Anne.

██ The document (Appellants' Trial Exhibit 1) which purports to evidence the $80,000 loan must be discounted in attempting to determine the clear intent of the parties *at the time* of the March 29, 1973 real estate transaction. It is dated December 24, 1973. "Where a transfer of property is made to one person and the purchase price is advanced by another as a loan to the transferee, no resulting trust arises." *Restatement of Trusts 2nd*, 445, page 407.

**2.** *Hughes v. Bailey*, 202 Pa.Super. 263, 195 A.2d 281 (1963); *Wosche v. Kraning*, 353 Pa. 481, 46 A.2d 220 (1946); and *Broida v. Travelers Insurance Co.*, 316 Pa. 444, 175 A. 492 (1934). These cases require a much higher degree of proof to rebut the presumption of a gift.

**3.** *Citizens Deposit and Trust Co. v. Citizens Deposit and Trust Co., et al., Appeal of Schwartz*, 136 Pa.Super. 413, 7 A.2d 519 (1939); *Epstein v. Ratkosky*, 283 Pa. 168, 129 A. 53 (1925) "The evidence in rebuttal of the presumption must be directly to the point, but if it is, though contradicted, the weight of the evidence which satisfies the conscience of the chancellor is sufficient." *Epstein*, supra, p. 55.

■ However, the Chancellor found, and the record supports his conclusion, that the Appellants failed under either standard to sustain their burden of overcoming the presumption. The Appellants failed to convince the Chancellor that they had manifested a clear *intent at the time of the transaction* to retain the full beneficial interest in the Winfield property as an investment.

At trial, Appellants testified that they purchased the property as an investment for themselves and not as a gift for their son and daughter-in-law. Further, Appellants contend that the only reason Appellees' names were put on the deed was because Appellee Anne had previously stated that she would refuse to live in a house that was not in her name. Whether the Appellants also contend that the furnishings purchased with their money for the Winfield property were also purchased as an "investment", is not clear from the record.

■ The Chancellor found that the testimony of Appellants and Appellee James at most, supports a finding that the Appellants had some basic intent to make a loan to Appellees by advancing the purchase money for the property. Therefore, the Chancellor correctly concluded when purchase money is advanced as a loan, a resulting trust does not arise. *Restatement of Trusts 2nd*, Sec. 445, p. 407.

Simply stated, Appellants failed to convince the Chancellor that they had manifested an intent not to transfer to Appellees a full, beneficial interest in the property.

■ Finally, we agree with the Chancellor that Appellants failed to prove the elements necessary for the imposition of an equitable lien. To establish a right to an equitable lien, the evidence ". . . must be clear, precise and indubitable as to the intention of the parties." *Western Pennsylvania National Bank v. Bradish*, 194 Pa.Super. 126, 131, 166 A.2d 104, 107 (1960).

■ In order for an equitable lien to arise, there must be an obligation owing by one person to another, a *res* to which that obligation attaches, and an intent by all parties that the

property serve as security for the payment of the obligation. The potential lienor must satisfy the Chancellor that in equity and good conscience he is entitled to a lien.[4] Moreover, "an equitable lien does not arise in favor of a volunteer." *Proudley v. Fidelity & Guaranty Fire Corp.*, 345 Pa. 385, 389, 29 A.2d 48, 51 (1942).

It has been held that before an equitable lien may be imposed upon a particular parcel of real estate as security for a debt, there must be an agreement sufficiently clear and unambiguous evidencing such intent. The mere borrowing of money does not in itself give the lender a lien and "in the absence of a showing of an intention to create it, an equitable lien will not arise in favor of one who advances money to pay the purchase price of realty."[5]

Appellants failed to meet the standard of proof required to demonstrate the intent on the part of both Appellees and themselves to impose an equitable lien.

Judgment affirmed.

SPAETH, J., did not participate in the consideration or decision of this case.

4. Am.Jur. 2nd. Vol. 51, p. 162–3.

5. Am.Jur. 2nd. Vol. 51, p. 172.