## Commonwealth v. 2121 Rickert Road

*T. Gary Gambardella, assistant district attorney,* for the Commonwealth.
*Peter S. Thompson,* for defendant.

BIEHN, *J.,* July 19, 1991—This is a forfeiture proceeding in which the Commonwealth seeks to forfeit a residential property at 2121 Rickert Road, Perkasie, Bucks County, Pennsylvania. A hearing was held before this court on May 23, 1991 after which the case was taken under advisement. For reasons stated below, we now find that the property must be forfeited.

The Commonwealth filed a petition for forfeiture stating that marijuana had been seized by law enforcement officials at the subject premises. The record owners of the property, Thomas and Margaret Harrington, were arrested and ultimately pled guilty to violations of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-101 et seq. The property is subject to forfeiture pursuant to 42 Pa.C.S. §6801 as real property used to facilitate a violation of the Controlled Substance, Drug, Device and Cosmetic Act.

After their arrest, the Harringtons attempted to transfer the property to Lorne and Dorothy McCon-

nell, the parents of Margaret Harrington. The conveyance was set aside by this court and the McConnells were added as defendants. The Harringtons conceded the forfeiture of the property. The McConnells, however, contest it asserting the "innocent owner" defense. The question in this case is not whether the McConnells are innocent (that is, unaware of the unlawful use of the property) but whether or not they are "owners" of the property in question. We find they are not.

The applicable statute reads as follows:

"§6802. *Procedure with respect to seized property subject to liens and rights of lienholders*

"(j) *Owner's burden of proof*—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a), the burden shall be upon the claimant to show:

"(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

"(2) That the claimant lawfully acquired the property.

"(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented." 42 Pa.C.S. §6802(j)(1), (2), (3).

In the recent case of *Commonwealth v. One 1988 Suzuki Samurai,* 139 Pa. Commw. 68, 589 A.2d 770 (1991), the Commonwealth Court discussed the concept of ownership under the forfeiture statute:

"In determining what constitutes 'ownership,' we first consider elements inherent in its definition. Black's Law Dictionary 997 (5th ed. 1979) defines ownership as a '[c]ollection of rights to use and enjoy property . . . [t]he right of one or more persons to possess and use a thing to the exclusion of others. . . .' Similarly, 'owner' is defined as '[h]e who has dominion of a thing . . . which he has a right to enjoy and do with as he pleases. . . .' Black's at 996.

"There are no Pennsylvania cases defining ownership in the context of the act, nor is 'ownership' or 'owner' defined in the act. However, the act is patterned after its federal counterpart, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §881(a)(4). Hence, in determining what constitutes ownership for purposes of raising an innocent owner defense we look for guidance as is afforded by federal cases construing that statute.

"Two Eastern District cases, factually similar to the instant case, illustrate what elements are reviewed in determining ownership. In *U.S. v. One 1971 Porsche Coupe Automobile,* 364 F.Supp. 745 (E.D. Pa. 1973), a father purchased a Porsche for his son. The father paid for the car and title was in his name. After he gave it to his son, who used it to purchase drugs, the Porsche was seized. The father opposed the forfeiture, claiming he was an innocent owner. The court determined that the father lacked the requisite interest and because his son had sole possession and exercised dominion and control over the Porsche, the son would, therefore, suffer the loss occasioned by the forfeiture.

"In *U.S. v. One 1981 Datsun 280ZX,* 563 F.Supp. 470 (E.D. Pa. 1983), a father bought a Datsun with his own money and titled and insured it in his name. The son had selected the car, its color and the

accessories. The car was driven often by the son and never by the father who had a heart condition. The court determined that because he did not intend the car for his personal use and did not exercise dominion or control over it, the father was not the actual owner.

"Thus our review of federal cases reveals that an owner must have a possessory interest in the property with attendant characteristics of dominion and control." *Commonwealth v. One 1988 Suzuki Samurai, supra.* (citations and footnote omitted)

In the instant case, the McConnells are claiming ownership based on the fact that they provided money for the purchase of 2121 Rickert Road. The McConnells argue that they have an "equity-sharing investment" and that they are the beneficiaries of a purchase money resulting trust. They strongly assert that they did not give the money to the Harringtons as a gift.

At the hearing, Lorne McConnell testified that he contributed $42,223.65 towards the purchase of the subject property. He stated that he considered it an investment. An undated "investment statement" was entered into evidence showing the "equity position" of the McConnells and the Harringtons. (See McConnell exhibit 3.)

This court believes that the McConnells contributed money towards the purchase of 2121 Rickert Road. However, the McConnells have no possessory interest in the property nor do they exercise any dominion or control over it. Their names do not appear on the agreement of sale, the settlement statement, the residential loan application or a second mortgage application. The Harringtons lived in the house, paid the mortgage and were responsible for the homeowner's insurance.

We also find that the McConnells are not the beneficiaries of a resulting trust.

"The general rule that a resulting trust arises where a transfer of property is made by one person and the purchase price is paid by another. [sic] Restatement of (Second) of Trusts, §440 at page 393 has numerous exceptions; including one where '. . .the transferee is a wife, child, or other natural object of bounty of the person by whom the purchase price is paid,. . .[1]

"Footnote 1. [Restatement (Second) of Trusts,] §442 at p. 402. '[W]here a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child, or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.'

. . .

"Whether there is a resulting trust must *always* depend upon the intentions of the grantor. The presumption of a gift is rebuttable by proof of a contrary intention; and on such rebuttal a resulting trust arises.

"Restatement (Second) of Trusts §443 provides:

" '§443. *Rebutting the Presumption of a Gift to a Relative*

" 'Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.

"Moreover, 'it is the intention of the payor at the time of the transfer and not at some subsequent time

which determines whether a resulting trust arises.' (Comment a. Restatement (Second) of Trusts §443, p. 404). . . .

" 'Where a transfer of property is made to one person and the purchase price is advanced by another as a loan to the transferee, no resulting trust arises.' Restatement (Second) of Trusts §445, page 407." *Mermon v. Mermon,* 257 Pa. Super. 228, 232-4, 390 A.2d 796, 798 (1978).

It is clear from the above that the McConnells are not the beneficiaries of a resulting trust. First, there is no evidence of their intent at the time of the transfer. The "investment statement" entered into evidence was not dated and Lorne McConnell testified that it was signed sometime in August 1988. The subject property was purchased in 1987.

Second, the McConnells attempted to rebut the presumption of a gift by arguing that they gave the Harringtons the money as an investment. The "investment" was in essence a loan and therefore no resulting trust arose.

The McConnells have failed to establish ownership. The Harringtons had sole possession of the property and exercised dominion and control over it. Consequently, the McConnells cannot challenge the forfeiture by raising the "innocent owner" defense. This court is not unsympathetic towards the McConnells' plight. However, we cannot apply a tortured construction of the law to reach a result with which we might be more comfortable.

Accordingly, we enter the following

ORDER

And now, July 19, 1991, after hearing, it is hereby ordered and directed that:

(1) Lorne and Dorothy McConnell have no ownership interest in 2121 Rickert Road;

(2) 2121 Rickert Road is forfeited to the Commonwealth subject to the liens on said property filed by First Federal Bank of Perkasie and the Bucks County Bank.