## Asam, Appellant, v. Asam.

*Trusts—Resulting trust—Bill in equity—Demurrer—Fraud.*

1. Where one purchases real estate with his own money and the deed is taken in the name of another, a trust results by presumption or implication of law, and without any agreement, to him who advances the money.

2. The mere fact that a married man places his real estate in the name of a third person, so that the rights of his wife do not attach thereto, does not give rise to an implication of fraud.

3. Where a married man placed the title to property purchased by him in the name of his sister, the defendant, for the purpose of preventing the attachment of his wife's rights of dower, but there is no evidence indicating that any actual fraud was intended or committed, a bill in equity will lie to enforce a conveyance from the sister; it is error to sustain a demurrer to such bill, either on the ground that there was no writing to establish the trust or because of fraud on the part of the plaintiff.

Argued January 6, 1913. Appeal, No. 132, Jan. T., 1912, by plaintiff, from decree of C. P. No. 5, Philadelphia County, June T., 1911, No. 5246, dismissing bill in equity in case of William Asam v. Matilda Asam. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Demurrer to bill in equity.

The facts are stated in the opinion of the Supreme Court.

The court sustained a demurrer to the bill and made a decree dismissing it. Plaintiff appealed.

*Error assigned* was the order of the court sustaining the demurrer and dismissing the bill.

*Bertram D. Rearick*, with him *Bernard A. Illoway*, for appellant.

*Max Herzberg*, for appellee.

OPINION BY MR. JUSTICE STEWART, February 24, 1913:

This appeal is from a decree sustaining a demurrer to a bill filed by plaintiff asking that the defendant be adjudged trustee with respect to a certain piece of real estate the legal title to which is in her name; that she be enjoined from selling or encumbering the same, and that she be directed to execute and deliver to plaintiff a deed therefor. Assuming, as we must for present purposes, that the facts are as stated in the bill, we have this situation: The plaintiff in March, 1903, then a married man, but living apart from his wife, purchased the real estate with his own money; and with a view to prevent his wife's right of dower attaching thereto, in order that property might be easily alienable should the exigencies of his business require it, took title thereto in the name of the defendant, his unmarried sister. The plaintiff ever since the purchase has been in the occupancy of the property, and since the purchase he has been divorced from his wife. His demand upon the sister for a conveyance to himself has been refused, and the present bill was filed to enforce the demand. A demurrer was filed denying plaintiff's right to the relief prayed for on the ground that the bill does not set forth any instrument in writing creating a trust or confidence in the land, and that the trust, if any there was, is, therefore, void because of the Act of April 22, 1856, P. L. 532; and, second, that plaintiff does not come into court with clean hands, since "he alleges in his bill that the conveyance to the defendant was made in order that he might defraud his wife of her rights."

The insufficiency of the first-mentioned circumstance to defeat the plaintiff's right is easily apparent. The claim asserted does not rest on any parol promise, but on

the payment of the purchase money at the time the title to the property was taken. It is this feature of the case that raises a resulting trust in accordance with the presumed intention of the parties. Where one purchases an estate with his own money, and the deed is taken in the name of another, a trust results by presumption or implication of law, and without any agreement, to him who advances the money: Casciola v. Donatelli, 218 Pa. 624. The second reason alleged involves a misstatement of fact. The bill does not aver a purpose in connection with the trust to defraud the wife; it steers wide of any such acknowledgment. For all that appears in the bill the arrangement may have been with the full knowledge and approval of the wife. The situation of the plaintiff and his wife with respect to each other at the time of the conveyance is fully set out, and the situation as thus disclosed may give color to a suspicion that a fraud upon the wife was intended; but the presumption of honest dealing with respect to the wife's interest is very far from being so conclusively negatived by such circumstance that a court could not be justified in holding that a fraud was intended where the transaction, as here, was not fraudulent in itself; especially is this so when the fraudulent intent is not urged by the only party injured. It is a clear misapprehension of the law to assert that it is a fraud per se for a married man to place his real estate in the name of a third person so that the rights of the wife thereto should not attach. It may or may not be a fraud so to do, depending on the particular circumstances. If a fraudulent intent appear, or, if without fraudulent intent, the effect is to deprive the wife of her rights against her will, then it becomes fraud; in the one case fraud actual, and in the other fraud in law. But when the transaction on its face does not disclose fraud or fraudulent intent, the law will not infer either, but will rather impute honesty of purpose; and where legal fraud is established, while the law will be quick to give relief to the party injured, in such case

it moves reluctantly to the assistance of one in nowise injured who seeks to gain advantage therefrom. Here, the wife, who, if fraud were intended, was the only person that could be injured thereby, is out of the case; and the only party contesting plaintiff's right to the property is the respondent to whom the plaintiff committed in confidence the legal title to his property, and who now seeks, through no merit of her own, to retain it. Her demurrer should not have been sustained, and the decree is accordingly reversed, and the plaintiff's bill is reinstated with a procedendo, the costs on this appeal to be paid by appellee.