Argued December 16, 1914, reversed January 5, 1915.

# GRIFFITH v. GRIFFITH.

(145 Pac. 270.)

**Dower—Rights of Wife.**

1.  A wife upon marriage acquires no interest in the personal property of her husband, which he may dispose of without her consent, but he cannot without her consent transfer his land so as to bar her dower rights.

> [As to conflict of laws affecting the rights and obligations of married women, see note in 85 Am. St. Rep. 552.]

**Dower—Dower Interest—Equity.**

2.  There is no dower in an equity.

**Dower—Property Rights of Wife.**

3.  Where a husband purchased land, taking title in the name of another, the wife may, the husband having died before judgment in her suit for divorce, alimony and separate maintenance, impeach the conveyance as if she were a creditor of the husband, and compel the holder of the legal title to hold the property in trust for her.

> [As to gifts by husband and whether such are fraudulent as to wife, see note in 24 Am. St. Rep. 490.]

From Linn: WILLIAM GALLOWAY, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is a suit brought by Ellen C. Griffith, as administratrix of the estate of John H. Griffith, deceased, and Ellen C. Griffith in her individual capacity, for the purpose of having the defendant Geo. F. Griffith declared a trustee of the title of certain real estate described in the complaint for the benefit of said estate. John H. Griffith and the plaintiff were married on July 12, 1909, and were not living happily together. On November 6, 1909, said John H. Griffith purchased the land in question, and had the deed executed in favor of his brother, the defendant, which deed was not delivered at the time of its execution but left in the hands of the grantor, H. J. Follis, and his wife until the same should be called for. Soon after the

74 Or.—15

purchase of said land the defendant John H. Griffith deserted and abandoned the wife, and thereafter lived separately and apart from her. On the 19th of August, 1910, the plaintiff sued him for a divorce on the ground of cruel and inhuman treatment, and in the suit sought to recover alimony. About the 30th day of October, 1911, the said John H. Griffith died intestate before the said divorce suit had been terminated, and the suit was thereafter dismissed on account thereof. Subsequently, on the 18th day of May, 1912, plaintiff brought this suit, which resulted in a decree for the defendant. The plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. Myron E. Pogue* and *Mr. Woodson T. Slater,* with an oral argument by *Mr. Pogue.*

For respondent there was a brief over the name of *Messrs. Hewitt & Sox,* with an oral argument by *Mr. Henry H. Hewitt.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1–3. A wife upon marriage acquires, by virtue thereof, no interest in the personal property of her husband, and he has a right to dispose of it as he pleases without her consent; but by a transfer of his real estate he cannot defeat her dower therein. She has an inchoate dower only in lands to which he has the title. There is no dower in an equity, but the rule in Oregon is that where the wife occupies the position of a *quasi* creditor, as where she is suing to obtain alimony or separate maintenance, if there is an intent on the part of the husband to defeat the wife's

recovery in such suit or finally at his death, such transfer as to her is fraudulent.

It is held in *Barrett* v. *Barrett,* 5 Or. 411:

" 'There is no reason why a wife, whose husband has deserted her and refused to perform the duty of maintenance, or who by cruel treatment has compelled her to leave his house, * * should not be viewed as a *quasi* creditor in relation to the alimony which the law awards to her. * * When she is compelled to become a suitor for her rights, her relation becomes adverse and that of a creditor in fact, and she is not to be balked of her dues by his fraud.' * * The right of the wife to question conveyances made by the husband dates from the time the cause of suit arose."

In *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650, 3 Am. St. Rep. 162), it is said:

"The facts and circumstances leave no doubt in the mind of the court that the conveyance to Rothchild was made and designed by Weber to defeat the plaintiff in the recovery of any part of his (Weber's) property, or of alimony in her contemplated suit for a divorce."

And it was held that, in order to make Rothchild an innocent purchaser in good faith, the burden was upon him to show that he paid value and was without notice of fraud: See, also, 21 Cyc. 1156. From the testimony in this case we find that the purchase of the property was made by John H. Griffith and title taken in the name of Geo. F. Griffith because of the anticipated trouble with his wife; he having deserted her soon after the purchase, and she subsequently having sued for a divorce on the ground of cruel treatment. It appears that the property was purchased and paid for by John H. Griffith, and that the title was taken in the name of Geo. F. Griffith without any consideration from him to John H. Griffith. Therefore it was

a gratuitous disposition of so much of his real property and in fraud of the plaintiff's rights.

The testimony of Geo. F. Griffith shows that, a short time before John H. Griffith died, he told Geo. F. Griffith that he had bought the property and had the deed made in his brother's name and he wanted his brother to have it. Follis, the grantor, testifies:

"After I got the deed made out I handed it to Mr. Griffith. He looked at it, read it over, and handed it back to me, and says, 'Keep it until called for.'

"Q. What did he say, after his death, what was to be done?

"A. He said after he was done with it he wanted his brother to have it. He did not speak anything about dying at that time. * *

"Q. Who was to call for it?

"A. Wasn't any one named. The deed was made out to his brother Geo. F."

The evidence shows that he cut the brush from the land, fenced it, and planned to erect a home, and told a witness he expected to live on it alone; that it would be better to live over there than to be quarreling. Also he paid the taxes on it, so that if fully appears that Geo. F. paid nothing for the land; and when attacked by a creditor, or as in this case, the wife, equity will treat the transfer as fraudulent and declare a trust in favor of the estate, which is the representative of the creditors.

The decree will be reversed and one entered in favor of the plaintiff declaring that the defendant Geo. F. Griffith holds the title to said land in trust for the benefit of the estate of John H. Griffith.

REVERSED.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.