Mary F. Havens vs. Billings F. S. Crandall et al. }Eq. No. 9728.

December 3, 1929.

BAKER, J. Heard on prayer for preliminary injunction.

The complainant rested on her sworn bill and the respondents introduced only certain record evidence relating to a previous case.

It appears that the complainant and the respondent Havens are now husband and wife. They owned jointly certain real estate, with a house thereon, located in the City of Providence. In partition proceedings brought by the respondent Havens. this property was sold at public auc-

tion for the sum of $15,000, he making the highest bid and paying the purchase price. The commissioner's report shows that the complainant received her proportionate share from this sale. The deed following said sale was made out to the respondent Crandall as grantee, a nephew of the respondent Havens. Immediately thereafter, the respondent Havens took back from the said respondent Crandall a mortgage for $15,000, which was duly recorded. Following this, an action of ejectment was brought against the complainant by the respondent Crandall and a decision was entered in favor of the latter in the District Court.

In her bill, the complainant is seeking to establish her inchoate right of dower in the premises in question, contending that the property actually belongs to her husband, the respondent Havens, although it now stands in the name of Crandall, and also is asking to have enjoined the prosecution of the ejectment suit against her.

The question as to whether or not the complainant can claim inchoate dower in the property in dispute, in the judgment of the Court, should await final hearing of the case. Apparently the authorities are not uniform. Certain cases seem to hold that the taking of title, as in the case at bar, may or may not be fraud against the wife's dower, depending upon the particular circumstances.

Asam vs. Asam, 239 Pa. 295;

Griffiths vs. Griffiths, 74 Ore. 225;

2 Schouler on Marriage, &c., 6th ed. page 1686.

On the other hand, there are cases holding that a husband is under no obligation to take title in his own name so that his wife may obtain a dower interest.

Phelps vs. Phelps, 143 N. Y. 197;

Nichols vs. Parks, 78 App. Div. N. Y. 95;

Beck vs. Beck, 64, Iowa 155.

Vol. 19 C. J., page 482.

It is, of course, well settled that once an inchoate right of dower is established, then it will be protected in equity at the request of the wife.

Atwood vs. Arnold, 23 R. I. 609;

Faucher vs. Bouchard, 47 R. I. 150.

The difficult question, in the opinion of the Court, relates to the ejectment suit. The complainant contends that, although this suit is brought in the name of the respondent Crandall, her husband, the respondent Havens, is the actual plaintiff. that the deed to Crandall is merely colorable, and that her husband is the real owner of the property. It appears from the sworn bill, paragraph 4, that since the auction the complainant has occupied the premises in question as her home, as the wife of the respondent Havens, and that he has provided no other home for her and provides nothing for her support.

If the respondent Crandall, clearly and without question, stood in the position of a bona fide purchaser for value, undoubtedly the complainant could not ask for relief by way of injunction against the ejectment suit. On the other hand, if the respondent Havens is the actual plaintiff and is merely using the name of the respondent Crandall to bring the case, then, in the opinion of the Court, the complainant has ground for relief.

It seems reasonably clear from the authorities that the law does not favor actions of this nature between husband and wife. At common law they are considered as one person.

Vol. 30 C. J., page 950.

In this State the statute relating to the rights of married women in relation to property has been construed several times by the Court. It is the purpose of this statute to enable a married woman to sue and be sued alone in those cases where there is no need for her husband to join or be joined in the action.

Gorman vs. McHale, 24 R. I. 257;

see also Oken vs. Oken, 44 R. I. 291.

The statute in question certainly does not appear broad enough to permit ejectment cases to be brought between husband and wife, and the law generally unquestionably considers such proceedings as inconsistent with the marriage relation.

> Tucker vs. Fenno, 110 Mass. 311; Manning vs. Manning, 79 N. C. 293; Warvelle on Ejectment, Sec. 127-130 and 510.

In consideration of the allegations in the 4th and 11th paragraphs of the amended bill, and in order to enable the complainant to prove, if she can, at a final hearing of this case, her allegation that her husband is the actual and real owner of this property, and in order to maintain the status quo until a final hearing can be had, the Court is of the opinion that the complainant is entitled to the relief she prays for by way of preliminary injunction enjoining the respondents from obtaining or serving any execution or enforcing the judgment of the District Court in the action of trespass and ejectment. To that extent, her prayer for a preliminary injunction is granted.

For complainant: Littlefield, Otis & Knowles.

For respondents: Frank H. Wildes.