## Greenfield, Trustee, et al. v. Putnam, etc.

*Marsh & Eaton,* for plaintiff.

*J. S. Jiuliante,* for defendant.

HIRT, J., October 8, 1935.—In reviewing the testimony in this case we are convinced that the findings in the opinion of January 26, 1935, reported in 17 Erie 1, are inadequate and should be restated as follows:

### Findings of fact

1. Lucy F. Greenfield died on February 13, 1918, and by her will, after specific disposition of real estate, devised and bequeathed the residue of her estate, both real and personal, in trust for the benefit of her son Harry L. Greenfield.

2. The plaintiff, Jennie Greenfield, is the sole surviving trustee of Harry L. Greenfield under the will of Lucy F. Greenfield, deceased.

3. On May 23, 1907, Lucy F. Greenfield, for $1,165 in cash, bought at public sale from the administrator of Margaret J. Rogers, deceased, land situate in the Borough of Edinboro, this county, particularly described in the plaintiff's bill, having erected thereon a dwelling house and barn.

4. Notwithstanding Lucy F. Greenfield paid the whole of the purchase price, at her direction a deed in fee simple for the land was made and delivered by the above administrator to Alice Genevera Putnam; this deed is recorded in Erie County Deed Book 165 at page 561.

5. Lucy F. Greenfield bought the land for the purpose of providing a home for her mother and for her sister, Alice Genevera Putnam, the defendant above, as long as they needed it as a home; title was taken in the name of the latter because of domestic difficulties between Lucy F. Greenfield and her husband. Mrs. Greenfield at that time was attempting to settle her property rights with her husband before divorcing him, and title was taken in the name of Miss Putnam to conceal the fact that Mrs. Greenfield had bought the land and to prevent any claim on the land by her husband in the event of her death before the property settlement and the divorce.

6. Alice Genevera Putnam and her mother went into possession of the land in May 1907, and occupied it as a home. A few years later her mother died, but Miss Putnam continued in possession of the land until April 22, 1916, when she married George Sherman. She then moved from the property to a house owned by her husband, since when she has at no time been in possession and has not needed the property for a home.

7. After April 22, 1916, Alice Putnam Sherman leased the premises to tenants, collected the rents and applied the proceeds to the payment of taxes, insurance and repairs, and accounted for the whole of the residue to Lucy Greenfield, during her lifetime, and, after her death, to plaintiff or to Harry Greenfield.

8. Between May 23, 1907, and April 22, 1916, the taxes, insurance, repairs and other charges against the land were paid by Lucy F. Greenfield, and since April 22, 1916, all these charges have been paid by the plaintiff or out of the rents collected from tenants, and the defendant, Alice Putnam Sherman, has paid none of these charges out of her own funds.

9. Lucy F. Greenfield entered into a property settlement with her husband in 1917, and divorced him in December 1917 and died on February 13, 1918, without having gone into possession of the land, and no entry has been made by the plaintiff since that time.

10. There was no acknowledgment of the trust in writing.

11. In March 1934, Alice Putnam Sherman first asserted ownership of the property and attempted to sell it to one Haller without accounting to plaintiff or Harry Greenfield for any part of the purchase price. This sale, however, was not consummated.

### Discussion

From the admitted facts there is little question that the defendant's title was that of trustee only, arising from a trust which resulted when Lucy F. Greenfield, in 1907, bought the land and paid the whole of the consideration: Asam v. Asam, 239 Pa. 295. Parol evidence is admissible to show the terms of a resulting trust: 1 Perry on Trusts (7th ed.), 217, §137. From this testimony we have found that the extent of Alice G. Putnam's interest in the land was the right to its use only so long as she needed it as a home. The whole of the beneficial interest in the land was not given to her along with the legal title, nor even an estate for life, but a limited use. Since defendant did not take the whole of the beneficial interest, a trust in favor of Lucy F. Greenfield resulted, subject to the use of the land by the trustee according to the terms of the trust and terminable by the cestui que trust when that right of use ended.

In reviewing the facts we have come to the conclusion that Lucy F. Greenfield first had the right of entry, not on May 23, 1907, but on April 22, 1916. It was then that the trust terminated. On this latter date defendant married and moved to the home of her husband, and her need of this land, for use as a home, ended. She has not lived on the land since.

If defendant's interest terminated on April 22, 1916, the cestui que trust had the right to repossess the land by entry immediately after that date. It is defendant's contention on this conclusion that plaintiff, having failed to make formal entry, is now barred from a right of ac-

tion to enforce this resulting trust by section 6 of the Act of April 22, 1856, P. L. 532.

Clark v. Trindle et al., 52 Pa. 492, does not decide the question involved here, but that authority is still the leading case on the construction of the particular statute of limitations with which we are concerned. The following quotation from the opinion in that case is pertinent:

"Reading that portion of the section especially applicable to this question, stripped of all verbiage excepting that belonging to the limitation in the case in hand, the view seems clearer as to what was meant by the legislature in regard to it. It will then read, that 'no right of entry shall accrue or action be maintained. . . to enforce any implied or resulting trust, as to realty, but within five years after . . . such equity or trust accrued with right of entry, unless such . . . trust shall have been acknowledged by writing, to subsist, by the party to be charged therewith, within the same period.'

"The words 'with right of entry' at the end of the clause I esteem as material to be considered in construing it. The expression evidently means, I think, that, if there be neither entry nor possession taken by the party, in whose favour the trust results, within five years after it accrues, and no acknowledgment in writing, the trust cannot thereafter be asserted in law against the trustee. It means this or nothing, and we may not urge the latter, if the words are susceptible of a definite meaning. We are bound so to construe statutes, that every part shall be operative rather than inoperative, *ut res magis valeat quam pereat.*

"Entry is regarded as a legal remedy, and under the doctrine of remedies it is denominated remedy by act of the party. It must have been so considered in this connection, or rather as a step in the execution of the trust. Well might it be. It is equal to livery of seizin or to the possession necessary to and essential to a complete parol sale of lands. It could not be referred to anything but title,

under and pursuant to the trust, and consequently in execution of it."

In the opinion of January 26, 1935, we took the view that the plaintiff is barred for want of formal entry within five years from the date when the right of entry accrued. We are convinced of the error of that conclusion from the following facts: Immediately following the termination of the trust estate in April 1916, the defendant leased the land to a tenant who went into possession, and since then, and until March 1934, the defendant not only admitted the previous existence of a trust but accounted to Lucy F. Greenfield, during her life, and, on her death, to the plaintiff for all of the rents collected from the premises. In our opinion the fact that there was no formal entry nor actual possession taken by the cestui que trust at any time is not fatal to the plaintiff's right to recover. It is true, the defendant's possession during the term of her beneficial interest cannot be regarded as the possession of the plaintiff, for this was not an express trust: Bruner v. Finley, 187 Pa. 389; but when the trust ended the defendant continuously, for 18 years, accounted to the plaintiff and her predecessor for all of the income earned by the land, and during that period asserted neither title nor any rights in the land, and in this way she, by her acts, admitted not only the prior existence of the trust but stamped herself the agent of the plaintiff in the management of the property. If in law the defendant was the agent of the plaintiff, her possession of the land and that of her tenant must be regarded as the possession of her principal. The result, therefore, is the same as if the plaintiff had made formal entry and thereafter accepted the defendant's tenant as her own. The law does not require a vain thing nor insist upon an act which in its performance would be an empty formality. It is our opinion that the defendant, by her acts, waived formal entry, and if this is so the plaintiff is not barred by the above statute of limitations.

*Conclusions of law*

1. By the conveyance of May 23, 1907, a trust resulted under the terms of which Alice Genevera Putnam had the right to the use of the land as a home only so long as she needed it. On the termination of this use, Lucy Greenfield or her devisee became the owner of the whole of the beneficial interest in the land.

2. The interest of Alice Genevera Putnam in the land terminated on April 22, 1916.

3. The defendant, by her acts, waived formal entry by the plaintiff upon the land.

4. The plaintiff is the owner of the land and is entitled to a conveyance of the legal title from the defendant.

5. The defendant shall pay the costs of this proceeding.

And now, to wit, October 8, 1935, in lieu of the order of January 26, 1935, the prothonotary is directed to enter a decree nisi in accordance with this opinion, to become absolute unless exceptions are filed thereto sec. leg.