## List et al. v. List, etc.

*Jubelirer, Smith & Oyler,* and *Henry & Corcelius,* for plaintiffs.

*Robert H. Haberstroh* and *Himes, Terrizzi & Schock,* for defendant.

GRIFFITH, J. (forty-seventh judicial district), specially presiding, April 14, 1948.—This bill was filed by Annetta Lee List as widow of J. Ward List, deceased, and as guardian for their minor child, Joseph Ward List, Jr., against defendant, a sister of decedent. The bill avers that plaintiffs are the sole beneficiaries under the will of the said J. Ward List, deceased, who in his lifetime was the owner of "List's Restaurant", located at 1116 Twelfth Street, Altoona, Pa. That decedent in his lifetime purchased the premises known as 1114-1122 Twelfth Street, Altoona, Pa., from the Berks

County Trust Company in the name of his sister, Kathryn M. List, defendant, who had agreed to hold title in trust for decedent. That decedent paid the entire consideration money for the purchase of the property, as well as all carrying charges thereon. That decedent retained possession of the premises during his lifetime. That demand has been made upon defendant, for a conveyance, which defendant refused. That during decedent's lifetime he sold his restaurant business located in a portion of the said premises, and that the entire proceeds of the sale were deposited in the account of defendant, a portion of the said proceeds being used to pay off the mortgage given as part of the purchase price for the real estate, and the balance of $15,000 was used by defendant as a purchase money mortgage on the property known as Water Street Inn, situate in Huntingdon County, Pa. That decedent died on January 24, 1947, since which time defendant, in violation of the trust, has exercised control over the premises, as well as the balance of the purchase money remaining in her hands from the sale of the restaurant and the purchase money mortgage on the Water Street Inn, and all monies collected as rents, issues and profits. That demand has been made upon defendant for an assignment of the mortgage, which she has refused.

The prayer of the bill is that defendant be decreed to hold title to the premises 1114-1122 Twelfth Street, Altoona, Pa., as trustee for plaintiffs, and that she be directed to convey the same to them free and clear of encumbrances; that she be restrained from encumbering said premises or parting with the title; and likewise be restrained from collecting or assigning the mortgage, and be required to assign and convey the said mortgage unto the plaintiffs, and also give an accounting of all monies received from the trust.

Preliminary objections were filed under Equity Rule 48, raising three questions:

1. That the bill is multifarious.

2. That plaintiffs have a full, complete and adequate remedy at law; and

3. That the facts are so insufficiently averred that it is impossible for defendant to make an adequate answer.

There is no difficulty in disposing of the first objection, as the matters related in the bill all concern the transactions in connection with the purchase of the premises at 1114-1122 Twelfth Street, Altoona, and the disposition of the proceeds of the sale of the restaurant located in a part of these premises.

As to the second question raised by the preliminary objections, we believe that plaintiffs do not have a full and adequate remedy at law. Defendant suggests that the proper remedy for plaintiffs in this case was to bring an action to quiet title under Pa. R. C. P. 1061. Section (b)2 provides that such an action may be brought "where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land". However, plaintiffs do not take the position that defendant does not have a legal title. This is admitted, but plaintiffs set up an equitable title in themselves. Defendant calls attention to pages 174 and 175 of Goodrich-Amram Procedural Rules Service, Actions at Law, Preliminary Survey and Explanatory Analysis, where it is stated:

. . . . "The new action to quiet title now gives jurisdiction on the law side of the court to undertake the removal of every type of cloud on title. It creates jurisdiction to adjudicate every kind of dispute which the bill quia timet could adjudicate. It removes the last vestige of equitable jurisdiction in these matters and provides a full and complete remedy at law. . . ."

However, as we suggested at the oral argument in this case, there is no dispute as to defendant's legal

title, and the purpose of this action is not to remove a cloud on her title but to create one. This action is the antithesis of a bill quia timet. This matter has been recently passed upon by Judge Knight in the case of Nodolski et al. v. Nodolski, 61 D. & C. 526, and we are in entire accord with his decision in that case.

The third preliminary objection complains of the insufficiency of the averments of facts in the bill, with particular reference to paragraphs 9 and 15 thereof. Attention is called to the fact that in these paragraphs there is an averment that defendant did "then and there, and had prior thereto agreed to hold title to said premises in trust for the decedent". From this language defendant argues that plaintiffs have set up an express trust and have failed to aver whether it was oral or written, and what its provisions may have been. A reading of the bill, however, discloses clearly that plaintiffs are setting up a resulting purchase money trust within the rule laid down in A. L. I. Restatement of the Law of Trusts §§440, 441, 442, Fitzpatrick v. Fitzpatrick, 346 Pa. 202, 207. The averments contained in the bill sufficiently charge that a transfer of property was made to defendant and the purchase price was paid by decedent, and that decedent did not manifest an intention that no resulting trust should arise, and defendant as sister of decedent was not the natural object of his bounty: Asam v. Asam, 239 Pa. 295. It is averred in the bill:

"That decedent paid the entire consideration for the purchase of said property and at all times during his lifetime paid the taxes, water rents, interest, repairs and other carrying charges thereon." Also, "That decedent kept, retained and had possession of the aforesaid property from the time he purchased them and received all the rents, issues and profits arising therefrom during his lifetime". No doubt plaintiffs think, as their averments indicate, that some consultation was had between decedent and his sister, defendant,

before the transaction was accomplished, and that some understanding was arrived at between them; but it is clear that plaintiffs rely upon a resulting rather than an express trust for their recovery.

We, therefore, enter the following

*Decree*

And now, April 14, 1948, defendant's preliminary objections are dismissed, and defendant is allowed 30 days to answer on the merits.