**In re GOLD COAST CONCEPTS, INC., Debtor.**

**Herb HARRIS, Trustee, Plaintiff,**

v.

**William LONE; Balbusa Studios; Bundy Sign, Inc., a Florida corporation; Commercial Bank of Hollywood, a Florida banking corporation, and Charles Trumble, Defendants.**

**Bankruptcy No. 81–01422–BKC–SMW.**
**Adv. No. 82–0559–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Sept. 27, 1982.

Joseph Easthope, Fort Lauderdale, Fla., for trustee/plaintiff.

John Britton, Fort Lauderdale, Fla., for William F. Lone.

Jay Cohen, Hollywood, Fla., for Commercial Bank of Hollywood.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon a Complaint to Recover Preferences filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

That this Court has jurisdiction of the parties hereto and the subject matter hereof.

On September 4, 1981, the debtor filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

■ Within 90 days prior to the filing of the petition, the defendant, William F. Lone, who is the chief executive officer of the debtor, received checks from the debtor corporation as repayment of loans. These transfers are now being challenged by the trustee on the grounds that they are preferential transfers subject to avoidance pursuant to 11 U.S.C. § 547(b). In this regard, the Court finds that the payment of funds by the debtor to the defendant Lone from the debtor's corporate checking account constitute "transfers of property of the debtor" as contemplated by § 547(b).

Bankruptcy Code § 547(b) sets forth the five (5) elements of a preferential transfer. The first element requires that the transfer be "to or for the benefit of a creditor". Defendant Lone was a creditor as defined in 11 U.S.C. § 101(9)(A), since he was an entity with a claim against the debtor at the time of or before the order of relief. As a creditor, defendant Lone was benefitted by the repayment of his loans from the debtor.

The second element requires that the transfer be for or on account of an antecedent debt. The transfers to defendant Lone were made in repayment of loans extended by the defendant Lone to the debtor months earlier, and therefore, constitute transfers on account of an antecedent debt.

The third element requires that the transfers be made while the debtor was insolvent. The debtor is presumed to be insolvent during a 90 day period immediately preceeding the date on which the petition is filed (§ 547(f)). The presumption was not rebutted and as the said transfers were made within 90 days of the filing of the petition they are deemed to be made during insolvency.

The fourth element of a preference requires the challenged transfers be made within 90 days before the filing of the petition. The said transfers satisfy this element.

The fifth element requires that the transfers must enable the creditor to receive a greater percentage of his claim than he would receive under the distributive provisions of the Bankruptcy Code. According to the debtor's balance sheet, its liabilities exceed its assets, yet defendant Lone received the full amount of his unsecured claim immediately as a result of the challenged transfers. The amount received by defendant Lone exceeds the amount he would receive through ordinary Chapter 7 distribution.

Since all elements of a preference as set forth in Bankruptcy Code § 547 are satisfied, the transfers to defendant Lone are preferential and may be avoided by the trustee.

■ The trustee's complaint also challenges transfers of funds from defendant Lone, and on behalf of the debtor, to Balbusa Studios, Bundy Sign, Inc., and Charles Trumble on the grounds that the transfers are avoidable preferences pursuant to 11 U.S.C. § 547.

Bundy Sign failed to answer the trustee's complaint or otherwise defend the lawsuit, and, pursuant to Bankruptcy Rule 755, the Court will enter a default judgment against Bundy Sign.

■ In his complaint, the trustee named Balbusa Studios as a defendant in this adversary proceeding, when in fact the trustee intended to proceed against Joseph T. Balbusa individually.

Mr. Balbusa did not file a responsive pleading but he did correspond with the trustee with reference to the claim against Balbusa Studios.

In his correspondence Balbusa admitted to the allegations as properly made by the trustee. The Court finds that the funds transferred to Mr. Balbusa may be recovered by the trustee.

■ The property which is the subject matter of the trustee's claim against Charles Trumble was surrendered to the trustee, therefore the Court finds that the trustee's claim against defendant Charles Trumble is moot.

■ The trustee's complaint challenges a transfer of funds by defendant Lone, on behalf of the debtor, to Commercial Bank of Hollywood, also on the grounds that the transfer was preferential.

After reviewing the evidence and hearing argument of counsel, the Court finds that in receiving the funds the Bank acted in good faith and therefore it is relieved of all responsibility with reference to the funds.

The Court will enter a judgment in conformity with these findings of fact and conclusions of law.