685 F.2d 106
 6 Collier Bankr.Cas.2d 1437, 9 Bankr.Ct.Dec. 624,
Bankr. L. Rep. P 68,797
 Donald Eugene GARDNER, Sr., Debtor (Bankruptcy No. 81-75)
v.
COMMONWEALTH OF PENNSYLVANIA, DEPT. OF PUBLIC WELFARE,
Household Finance Consumer Discount Co., York
Federal Consumer Discount Co., and David
S. August D.D.S., Intervenor:
United States of America.
Appeal of COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE.
 No. 81-2898.
 United States Court of Appeals,
Third Circuit.
 Argued July 27, 1982.
Decided Aug. 11, 1982.
Certiorari Denied Dec. 13, 1982.
See 103 S.Ct. 580.
 
 Jason W. Manne (argued), Asst. Counsel, Dept. of Public Welfare, Harrisburg, Pa., for Com. of Pa., Dept. of Public Welfare.
 Eric L. Frank (argued), Community Legal Services, Inc., Philadelphia, Pa., Joseph Colavecchi, Clearfield, Pa., for appellee.
 Before GIBBONS and HUNTER, Circuit Judges, and LORD,* District Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 The Commonwealth of Pennsylvania, Department of Public Welfare (DPW), appeals from an order of the district court avoiding liens on the real property of Donald E. Gardner, Sr., pursuant to section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1) (Supp. III 1979). The bankruptcy court held that the DPW liens on Gardner's property at 1005 East Hay Street, York, Pennsylvania, were judgment liens avoidable to the extent that they impaired an exemption under section 522(d) of the Code, and the district court affirmed. DPW contends that its liens are either security interests or equitable or statutory liens, and not judicial liens. Alternatively it contends that if the bankruptcy code authorizes the Bankruptcy Court to set aside judicial liens held by a state, it violates the eleventh amendment. We affirm.
 
 
 2
 Mr. Gardner filed a voluntary petition in bankruptcy on January 15, 1981. Prior to seeking relief under Chapter 7 of the Code, 11 U.S.C. § 701 et seq., he had received from DPW $19,294.68 in public assistance. Because Gardner owned real property, he was required by DPW to sign reimbursement agreements, Forms PA-9, as a condition to receiving such assistance. He signed six of these forms, each in the amount of $2,000. Each form contains a standard Pennsylvania confession of judgment provision authorizing entry of judgment for $2,000 plus costs, and each provides that the judgment shall be a lien upon Gardner's real property and collected as other judgments. All six forms were filed with the Prothonotary of York County from time to time beginning in October 1972. Five of the judgment notes were revived, as Pennsylvania law permits. Thus on January 15, 1981, judgment notes totalling $12,000 were on file and were, under Pennsylvania law, liens on all Gardner's real property in York County. Gardner contends, and DPW does not dispute, that if allowed to stand all but $650.00 of these liens would impair exemptions provided in section 522(d) of the Code. The order appealed from affirms an order avoiding them except to the extent of $650.00.
 
 
 3
 DPW acknowledges that under In re Ashe, 669 F.2d 105 (3d Cir. 1982), a lien obtained by confessed judgment is a judicial lien avoidable under section 522(f)(1) of the Code, and not a security interest or a statutory lien. It urges, first, that In re Ashe should be overruled. A panel of this court is not free, however, to overrule a governing precedent in this circuit.
 
 
 4
 DPW also suggests that In re Ashe is distinguishable, in that it considered a judgment lien arising out of a transaction with a private creditor, while the cognovit notes it holds arise out of transactions with the Commonwealth. A proper interpretation of the Bankruptcy Code, DPW urges, is that section 522(f) (1) was not intended to apply to the states. In making that argument DPW must contend with the provision section 106(c) of the Code which provides:
 
 
 5
 Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity-
 
 
 6
 (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units....
 
 
 7
 DPW makes the ingenious but unpersuasive argument that because section 522(f) does not contain the specific words "creditor", "entity", or "governmental unit", it cannot have been intended to apply to the states. The legislative history of section 522(f) suggests, however, that for purposes of lien avoidance no distinction was intended between governmental and non-governmental entities. See S.Rep.No.989, 95th Cong., 2d Sess. 76 (1978) and H.R.Rep.No.595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5862, 6318. In In re Neavear, 674 F.2d 1201, 1204 (7th Cir. 1982), the court concluded that "section 106(c) ... waives the sovereign immunity of the United States with respect to questions relating to the dischargeability of debts owed to the (federal) government." Governmental creditors are for most purposes treated like other creditors, and there is no suggestion that the exemption provisions in section 522 are to apply to such creditors differently. Thus In re Ashe, controls as a matter of statutory construction of section 522(f)(1).
 
 
 8
 In a second effort to distinguish In re Ashe, DPW urges that although its reimbursement agreement takes the form of a traditional cognovit note, the lien created by the resulting judgment should be disregarded, and we should define its lien as either an equitable or a statutory lien. It is neither. Under Pennsylvania law the agreement to charge specific property with the payment of a debt may give rise to an equitable lien. However, the lack of specific identity of the property intended to be affected is fatal to the creation of an equitable security interest in real estate. In re Griggs, 12 B.R. 443 (Bkrtcy.E.D.Pa.1981); In re Fortescue, 122 F.Supp. 883 (E.D.Pa.1954). See also Mermon v. Mermon, 257 Pa.Super. 228, 390 A.2d 796 (1978); 22 P.L.E. Liens § 3 at 376, 377. Cf. R. M. Shoemaker v. Southeastern Pa. Economic Development Corp., 275 Pa.Super. 594, 419 A.2d 60 (1980) (undistributed loan proceeds not identified as collateral). Nor is the DPW a holder of a statutory lien. It has no lien at all until its cognovit notes are filed with the Prothonotary as judgments. Section 101(38) of the Bankruptcy Code defines a statutory lien as a lien arising solely by force of a statute. It must be a lien arising automatically by operation of a statute, not one requiring subsequent judicial action. Pennsylvania has authorized the DPW to take cognovit notes. It has not provided that the property of recipients of public assistance is automatically subject to a reimbursement lien by operation of law.
 
 
 9
 Since In re Ashe controls as a matter of statutory construction, we must address DPW's eleventh amendment contention. Acceptance of that contention would require turning back the clock more than a half century. Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931), holds that Congress has constitutional authority to grant a bankruptcy court power to deal with the lien of a state. That rule was reiterated in Gardner v. New Jersey, 329 U.S. 565, 578, 67 S.Ct. 467, 474, 91 L.Ed. 504 (1946), and has never been doubted since. See In re Blease, 605 F.2d 97 (3d Cir. 1979). The Van Huffel and Gardner decisions were decided years before the Court's reinterpretation of the eleventh amendment in Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), and Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Those cases established that if Congress intends to bind the states by a cause of action arising under federal law the eleventh amendment is no bar. See Peel v. Florida Dept. of Transportation, 600 F.2d 1070 (5th Cir. 1979); Jennings v. Illinois Office of Education, 589 F.2d 935 (7th Cir.), cert. denied, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979). In section 106(c) of the Code Congress has made clear its intention to subject the states as lienholders to the same treatment in the bankruptcy court as is afforded other creditors. Thus even if the issue were not settled by Van Huffel and Gardner the DPW argument would have to be rejected on the authority of Fitzpatrick v. Bitzer and Hutto v. Finney. See also Florida Department of States v. Treasure Salvors, Inc., --- U.S. ----, 102 S.Ct. 3304, 73 L.Ed. 1057 (1982).
 
 
 10
 The judgment appealed from will be affirmed.
 
 
 
 *
 Hon. Joseph S. Lord, III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation