In re Ronald **MORECK** t/a Vintage Restoration and Linda Lee Moreck, Debtors.

Ronald **MORECK** and Linda Lee Moreck, Plaintiffs,

v.

UNITED STATES of America Small Business Administration The Kiddie Shoppe; Sears Roebuck and Company; and Commonwealth of Pennsylvania Department of Public Welfare, Defendants.

Bankruptcy No. 5–81–00040.
Adv. No. 5–81–0107.

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 4, 1983.

Louis Shaffer, Jerry B. Chariton, Wilkes-Barre, Pa., for Sears, Roebuck and Co.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Harrisburg, Pa., for Dept. of Public Welfare.

Robert C. Nowalis, Doran & Nowalis, Wilkes-Barre, Pa., for debtors.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The debtors commenced an action to avoid judicial liens pursuant to 11 U.S.C. § 522(f). One such lien is held by the Commonwealth of Pennsylvania, Department of Public Welfare (DPW). In response to the debtors' complaint, the DPW moved to dismiss the action on five grounds. The merits of the first three grounds were decided against the DPW in the case of *Gardner v. Commonwealth of Pennsylvania, Department of Public Welfare*, 685 F.2d 106 (3rd Cir.1982). The fourth basis for dismissal asserts that "Congress did not intend retroactive application of Section 522(f) of the Bankruptcy Code." While the Supreme Court case of *United States v. Security Industrial Bank*, —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), held that Congress did not intend that § 522(f) operate to destroy pre-enactment property rights, the facts of the case at bar do not indicate that the lien arose prior to the enactment date of the Bankruptcy Code. As such, dismissal on such grounds would be inappropriate.

Lastly, the DPW states that while the complaint was properly served upon it, it was not served upon the Attorney General of the State of Pennsylvania as is required by Pennsylvania law as incorporated under Bankruptcy Rule 704(c)(6). The rigors of this rule are uncut by Bankruptcy Rule 704(h) which provides that, "Service of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom process issued." We find that no material prejudice has resulted from this defect of service since the office of the attorney who has been handling the numerous DPW lien avoidance cases in this court was served with a copy of the complaint. He has been zealously representing the interests of the state in this case as in the other DPW cases in this court. Had the attorney general been served, no different result would have been achieved. As a result, the fifth basis for dismissal is without merit.

In conclusion, the DPW's motion to dismiss is denied in full.