In re Larry L. DIMMIG and Priscilla A. Dimmig, Debtors.

Bankruptcy No. 82–01891T.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 27, 1984.

Karl E. Friend, Allentown, Pa., for debtors.

Robert Jude Jenison, U.S. Dept. of Agriculture, Harrisburg, Pa., Virginia R. Powel, Philadelphia, Pa., for United States.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 13 case, the debtors have filed an application to avoid the security interest of the United States of America, acting through the Farmers Home Administration, pursuant to Section 522(f)(2)(B) of the Bankruptcy Code, 11 U.S.C. § 522(f)(2)(B). The United States has filed an objection to the granting of the debtors' application, alleging sovereign immunity as a defense. For the reasons hereinafter given, we reject the defense of sovereign immunity and shall grant the relief requested by the debtors in their application.[1]

The facts of this case are undisputed, and it is unnecessary to the resolution of this case to state them with specificity or in detail. It is sufficient to state that the United States has a valid nonpossessory, nonpurchase-money security interest in certain items of the debtors' personal property. The debtors have stated that these items are tools of the debtors' trade and have claimed that their interest in them is exempt pursuant to Section 522(b) and (d) of the Bankruptcy Code, 11 U.S.C. § 522(b) and (d). The debtors then filed, pursuant to § 522(f)(2)(B), their aforementioned application to avoid the security interest of the United States in those items to the extent that such lien impairs the debtors' claimed exemptions in those items. The United States then filed its aforementioned objection.

Section 522(f)(2)(B) states:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . .

(2) a nonpossessory, nonpurchase-money security interest in any—. . .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; . . . ."

The sovereign immunity defense of the United States is based upon its interpretation of the interrelationship between Section 522(f) and Section 106(c) of the Bankruptcy Code, 11 U.S.C. § 106(c). Section 106 is entitled "Waiver of sovereign immunity". Subsections (a) and (b) of § 106 are not relevant to this case. However, § 106(c) states:

"(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units."

We note that the Bankruptcy Code defines the term "governmental unit" to include, *inter alia,* "United States; . . . department, agency, or instrumentality of the United States . . . ." 11 U.S.C. § 101(21).

The United States argues that § 522(f) does not contain any of the three terms enumerated in § 106(c)—"creditor", "entity", or "governmental unit". Therefore, it

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

claims that Congress did not intend in § 106(c) to waive the sovereign immunity of the United States in any lien avoidance action brought by a debtor pursuant to § 522(f). Thus, it continues, § 522(f) is not applicable to the United States and the debtors' application must be dismissed on this basis. The United States adds that the general rule is that any waiver of the sovereign immunity of the United States by Congress must be clear and express and that such waiver may not be extended by implication beyond the plain language of the statutory provision or provisions in question.

The argument of the United States must be rejected, however, pursuant to the reasoning of our Third Circuit Court of Appeals in *Gardner v. Com. of Pa., Dept. of Public Welfare*, 685 F.2d 106 (3rd Cir. 1982), *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1983). In *Gardner*, the Pennsylvania Department of Public Welfare (DPW) objected to the debtor's § 522(f)(1) lien avoidance application, claiming, *inter alia*, based upon the same reasoning that the United States has utilized in the present case, *supra*, that § 522(f) does not apply to the states.[2] After noting DPW's position and quoting § 106(c)(1), the Court states at 685 F.2d 108:

> "DPW makes the ingenious but unpersuasive argument that because section 522(f) does not contain the specific words 'creditor', 'entity', or 'governmental unit', it cannot have been intended to apply to the states. The legislative history of section 522(f) suggests, however, that *for purposes of lien avoidance no distinction was intended between governmental and non-governmental entities. See* S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978) and H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. and Ad.News 5787, 5862, 6318. In *In re Neavear*, 674 F.2d

1201, 1204 (7th Cir.1982), the court concluded that 'section 106(c) ... waives the sovereign immunity of the United States with respect to questions relating to the dischargeability of debts owed to the [federal] government.' Governmental creditors are for most purposes treated like other creditors, and there is no suggestion that the exemption provisions in section 522 are to apply to such creditors differently." (emphasis added).

The *Gardner* Court's above-quoted reasoning makes no distinction among various governmental units in this context, nor are we aware of any. Therefore, its reasoning applies with equal force to the United States as it does to states. Consequently, the objection of the United States to the debtors' lien avoidance application must be denied, and we shall grant the relief requested by the debtors in their application.[3]

---

2. Section 101(21) of the Bankruptcy Code, *supra*, includes "a State" in its definition of "governmental unit".

3. We also note that several Courts have granted 522(f)(2) lien avoidance applications against the United States, acting through the Farmers Home Administration. However, in none of these cases is there any indication that the issue of the sovereign immunity of the United States was raised. See, for example, *Augustine v. United States*, 675 F.2d 582 (3rd Cir.1982); *In re O'Neal*, 20 B.R. 13 (Bankr.E.D.Mo.1982); *In re Zweibahmer*, 25 B.R. 453 (Bankr.N.D.Iowa 1982).