**In the Matter of John H. KIGHT, a/k/a John Kight and Martha A. Kight, a/k/a Martha Kight, Debtors.**

**John H. KIGHT, a/k/a John Kight and Martha A. Kight, a/k/a Martha Kight, Plaintiffs,**

v.

**UNITED STATES of America, DEPARTMENT OF AGRICULTURE—FARMERS HOME ADMINISTRATION, and Mark M. Ristau, Trustee, Defendants.**

**Bankruptcy No. 82–00353.**
**Adv. No. 82–0434.**

United States Bankruptcy Court, W.D. Pennsylvania.

April 30, 1985.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa. by Beverly Weiss Manne, U.S. Dept. of Agriculture, Harrisburg, Pa., for U.S.

R. Perrin Baker and McClure, Dart, Miller, Kelleher & White, Erie, Pa., for debtors.

Mark M. Ristau, Warren, Pa., pro se for trustee.

MEMORANDUM AND ORDER ON AVOIDANCE OF LIEN OF UNITED STATES F.M.H.A.

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

In the within adversary proceeding of the debtor to avoid a non-possessory, non-purchase money security interest in items of farm equipment claimed as exempt by the debtors, the parties filed a stipulation

of facts in which it was agreed the Farmers Home Administration of the United States Department of Agriculture had a perfected security interest in the items of equipment claimed exempt by the debtors as to which they seek to avoid said lien, that said items are farm equipment, that the debtors were "farmers" as that term is defined by 11 U.S.C. § 101(17) at the time of the filing of the petition, and that the debtors used the aforesaid equipment in their "farming operation" as that term is defined by 11 U.S.C. § 101(18).

The only defenses interposed by the government in opposition to the asserted right of the debtors to avoid its lien under the provisions of 11 U.S.C. § 522(f)(2)(B) of the Revised Bankruptcy Code are first, that its security interest is not subject to avoidance because the sovereign immunity of the Farmers Home Administration as an agency of the United States was not waived by the F.M.H.A. or by the provisions of the Revised Bankruptcy Code of 1978, and secondly that the items of farm equipment at issue were not intended by Congress to constitute "implements, professional books, or tools, of the trade of the debtors or the trade of a dependent of the debtor" within the meaning of 11 U.S.C. § 522(f)(2)(B) which provides that a debtor may avoid the fixing of a lien on an interest of the debtor in the above specified exemptions of

"implements, . . . books or tools, of the trade of the debtor"

It is provided in section 106(a) and (c) of the Revised Bankruptcy Code as follows:

**"§ 106. Waiver of sovereign immunity.**

"(a) A *governmental unit* is deemed to have waived sovereign immunity with respect to any claim against such *governmental unit* that is property of the estate and that arose out of the same transaction or occurrence out of which such *governmental unit's* claim arose.

. . . . .

"(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

"(1) a provision of this title that contains 'creditor', 'entity', or *'governmental unit'* applies to *governmental units;* and

"(2) *a determination by the court* of an issue arising under such a provision binds *governmental units."*

"§ 101(17) "farmer" means person that received more than 80 percent of such person's gross income during the taxable year of such such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person.

"(18) "farming operation" includes farming tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state;

. . . . .

"(21) "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;"

To follow the government's reasoning that the above waiver of sovereign immunity does not apply to the Farmer's Home Administration would be to deny that it as *"agency"* or *"instrumentality of the United States"* or a *"governmental unit".*

The question was passed upon by the Third Circuit Court of Appeals, in relation to a department of the Commonwealth of Pennsylvania in *Gardner v. Commonwealth of Pennsylvania, Department of Public Welfare,* 685 F.2d 106 (3rd Cir.1982) which held that section 522(f) could be utilized by debtors to avoid a lien of the Department of Public Welfare of the Commonwealth of Pennsylvania and that sover-

eign immunity did not bar the requested relief.

The government takes the position, as it did in *In Re Yoder*, 32 B.R. 777 (Bkrtcy.W. D.Pa., 1983, Cosetti, Bankruptcy Judge), that the foregoing case, waives the sovereign immunity of a state governmental unit, but not that of an agency of the United States, on the ground that to affect the right of an agency of the United States to plead sovereign immunity apparently each section of the subject legislation must relate thereto by explicit language.

We agree with Judge Cosetti that the terminology contained in 11 U.S.C. § 106 and 522 hereinabove referred to is sufficiently explicit to waive the right of the Farmers Home Administration to assert the defense of sovereign immunity as against the right of the debtors to obtain a fresh start under the bank by avoiding its non-possessory, non-purchase money lien.

As aptly said by Judge Cossetti at pages 782 and 783 of his opinion in *In Re Yoder*, supra:

"The F.M.H.A. urges a reading of § 106(c) as imposing upon the statute a requirement to use the three prescribed nouns 'creditor', 'entity' or 'governmental unit'. ... The word lien carries the implication that it is a creditor's lien ...

"The real effect of (the) definition in § 106(c) is to waive governmental immunity, except when a specific exemption is made explicit by the Code. This style of drafting is apparent in § 362 where the drafters included everything and then in § 362(b) excluded certain governmental actions from its effect. In *Augustine* at page 583 (*Augustine v. United States*, 675 F.2d 582 [3 Cir.1982] ), the Court of Appeals also discusses this issue and finds little merit in the argument. Additionally, the Supreme Court in *Whiting Pools* by inference and dicta appears to give it little weight (see *United States v. Whiting*, [462 U.S. 198, 103 S.Ct. 2309], 76 L.Ed.2d 515 (1983)."

See also our above comment on the inclusion of the term "instrumentality of the United States" in the definition of *"govern-mental unit"* used in 11 U.S.C. § 106(a) and (c) quoted supra and in the definition of that term as inter alia *"... department, agency, or instrumentality of the United States"* in 11 U.S.C. § 101(21).

The government also raised the question in *In Re Yoder*, 32 B.R. 777, W.D.Pa., as it does here, that the provision of section 522(f)(2)(B) providing. liens against implements or tools of the trade of the debtor or a dependent of the debtor can be avoided does not relate to the equipment here involved. The parties stipulated, however, that the debtors were "farmers" as defined in 11 U.S.C. § 101(17), that the items sought to be exempted are "farm equipment", and that they were used in the debtors' "farming operation" as that term is defined in 11 U.S.C. § 101(18). We could not rule they were not implements and tools of the debtors' trade without contradicting the stipulations or holding the farming business does not constitute a trade.

The Third Circuit Court of Appeals has definitively ruled on this matter also: *Augustine v. United States*, 675 F.2d 582, referred to in Judge Cosetti's opinion in the case of *In Re Yoder*, supra.

IT IS ORDERED, ADJUDGED and DECREED under the foregoing reasons and authorities that the asserted lien of the United States Department of Agriculture, Farmers Home Administration against the subject farm equipment claimed as exempt by the debtors be and the same hereby is determined to be avoided as impairing the debtors' exemption rights, and null, void and of no effect; that all action on the part of the United States to enforce said lien be, and the same hereby is, perpetually restrained and enjoined.