**In re JORGES CARPET MILLS, INC., Debtor.**

**C. Kenneth STILL, Trustee, Plaintiff,**

v.

**AMERICAN NATIONAL BANK & TRUST COMPANY OF CHATTANOOGA, Defendant.**

Bankruptcy No. 1–80–02516.

Adv. No. 1–83–0023.

United States Bankruptcy Court, E.D. Tennessee.

May 7, 1985.

Thomas S. Kale, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for plaintiff.

Shelley D. Rucker, Miller & Martin, Chattanooga, Tenn., for defendant.

RALPH H. KELLEY, Bankruptcy Judge.

The trustee in bankruptcy for Jorges Carpet Mills brought this action against the defendant bank to recover a payment of $2,561.47 to the bank. The trustee contends that Jorges' chief executive, Charles Housch, made the payment on his personal debt, with Jorges' money and the payment was therefore fraudulent as to Jorges and recoverable by its trustee in bankruptcy. 11 U.S.C.A. § 548. The trustee also contends that the payment is recoverable as a transfer of Jorges' property after it was in bankruptcy. 11 U.S.C.A. § 549.

The bank earlier filed a motion for summary judgment on the ground that it was (1) a subsequent transferee, (2) in good faith, (3) for value, and (4) without knowledge of the voidability of the transfer. The trustee cannot recover from a subsequent transferee that meets these four criteria. 11 U.S.C.A. § 550(a)(2) & (b)(1).

In support of its motion the bank submitted the affidavit of Daryl P. Hendricks and a copy of the cashier's check used to make the payment.

Mr. Hendricks swore that he was the loan officer who dealt with Mr. Housch, that Mr. Housch was behind on his payments, that he asked Mr. Housch to make the next payment in cash or by certified funds, that Mr. Housch presented him a cashier's check on Commerce Union Bank in the amount of $2,561.47, that $2,317.71 of the payment was used to pay off account number 101030071, that he had no business dealings directly with Jorges Carpet Mills, and that when he received the cashier's check he had no knowledge that the funds used to obtain the check came from a voidable transfer or from an insolvent entity.

A copy of the cashier's check was attached to the affidavit. The check shows that the remitter is Charles Housch and the check is payment on account number 1030071. The account number is circled, and "Housch" written above it. Mr. Hen-

dricks endorsed the check on behalf of the defendant.

The court held that the bank's motion for summary judgment should be granted but allowed the trustee time to amend the complaint to allege facts tending to show the bank had knowledge of the source of the funds or took in bad faith. The trustee amended the complaint to add the following allegations:

1. That the defendant was the immediate transferee, or the entity for whose benefit the transfer was made, of the debtor corporation's funds within the meaning of 11 U.S.C. § 550(a)(1);

2. In the alternative, that Charles Housch used the funds of the debtor corporation to pay his personal obligations and obligations of other entities and that such transfers were without consideration;

3. That defendant knew or should have known that the cashier's check of January 9, 1981 was withdrawn from the debtor corporation's funds without consideration from Charles Housch;

4. That due to the knowledge or lack of good faith on the part of the defendant that they are not entitled to the protection provided in 11 U.S.C. § 550.

The bank has again moved for summary judgment on the ground that the amended complaint fails to overcome its defense under § 550 as raised by the original motion for summary judgment.

The first allegation added by the amendment attempts to overcome the court's conclusion that the bank was a subsequent transferee under § 550(a)(2), rather than the initial transferee under § 550(a)(1). When Mr. Housch obtained the cashier's check he transferred the money from the debtor to himself. He was the initial transferee from the debtor. The reported decisions have little or no explicit discussion of the question of whether a corporate officer who takes money from the corporation to pay a personal debt should be treated as the initial transferee or the payee should be treated as the initial transferee. The cases, however, suggest that the corporate

officer may be the initial transferee depending on the circumstances. *In re Acqua-Fredda,* 26 B.R. 909 (Bankr.M.D.Fla. 1983); *In re Gold Coast Concepts, Inc.,* 23 B.R. 228 (Bankr.S.D.Fla.1982); *In re Greenbrook Carpet Co.,* 22 B.R. 86 (Bankr. N.D.Ga.1982). The court concludes that Mr. Housch was the initial transferee and the bank was a subsequent transferee under § 550(a)(2).

The trustee's other allegations do not state any facts tending to show knowledge or lack of good faith by the bank. On the other hand, there was nothing obvious about the cashier's check that would have put the bank on notice and Mr. Hendricks in his affidavit denied any reason to know of the source of the funds or the voidability of the transfer.

The trustee cannot rest on the allegations of the complaint to overcome the bank's motion supported by the affidavit and copy of the cashier's check. Bankruptcy Rule 7056; Fed.R.Civ.Proc. 56. Accordingly, the court will enter an order granting summary judgment for the defendant.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.