**In re AUTO–PAK, INC., Debtor.**

**Bryan S. ROSS, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 84–00170.**
**Adv. No. 84–0202.**

United States Bankruptcy Court, District of Columbia.

July 9, 1986.

---

5. See 11 U.S.C. §§ 102(1) and 1112(b) and Bank-    ruptcy Rule 2002(a)(5).

See also, 52 B.R. 3, 55 B.R. 407, 55 B.R. 406, 55 B.R. 403.

Earl H. Douple, Jr., Washington, D.C., for plaintiff.

Edward J. Snyder, Robert L. Gordon, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

The motion of the United States on behalf of the Internal Revenue Service ("IRS") for reconsideration of this Court's Judgment Order entered on May 12, 1986 is DENIED.

The motion raises no new issues that could not have been or were not raised at the time of the hearing held on March 25, 1986. IRS has had more than ample opportunity to state its case. Litigation must come to an end.

IRS's first point was fully raised in its original memorandum in opposition to the Trustee's motion, fully argued at the hearing held on March 25, 1986, and fully considered by this Court in reaching its decision. Moreover, even were this Court to consider again the merits of IRS's first point, the Court would still reach the same result. This Court disagrees as a matter of law with the proposition urged by IRS that, when a corporation purchases a cashier's check from a bank, the payee of the cashier's check becomes a "subsequent" rather than the "initial" transferee of the corporation within the meaning of 11 U.S.C. § 550(a)(1) and (2). This Court can and does take judicial notice that, in commercial usage, a cashier's check is equivalent to cash. Use of a cashier's check is simply a convenient way of transferring the check-purchaser's cash to the check's payee. In

no real sense is the issuing bank a transferee at all; it is simply a conduit. To the extent *In re Jorges Carpet Mills, Inc.*, 50 B.R. 84 (Bankr.E.D.Tenn.1985) may hold to the contrary, this Court disagrees. However, that case is distinguishable, because there the corporation's officer used the funds withdrawn from the corporation's bank account to pay his own personal debt; he stated his own name as remitter of the check; and the Court held: "When Mr. Housch obtained the cashier's check he transferred the money from the debtor to himself. He was the initial transferee from the debtor." 50 B.R. at 85. The *Jorges Carpet Mills* court did *not* hold that the *bank* was the initial transferee. Here, the funds were used to pay the debt of a sister corporation which (notwithstanding IRS's contrary, metaphysical argument) never in any way at any time became the transferee of those funds. Since IRS was the initial transferee, its good faith and lack of knowledge of voidability are irrelevant. *See* 11 U.S.C. § 550(b).

▪ IRS's second point is raised for the first time on its motion for reconsideration. That point could have been raised earlier but was not. Therefore, it is not entitled to be and will not be considered now. Moreover, even were this Court to consider the merits of IRS's second point, the Court would still reach the same result. Both the plain language and the legislative history of 11 U.S.C. § 106(c) show that it constitutes a waiver of sovereign immunity. Section 106(c) provides that "notwithstanding any assertion of sovereign immunity—(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and (2) a determination by the court of an issue arising under such a provision binds governmental units." The Trustee has brought his claim against IRS under 11 U.S.C. § 550(a)(1). Section 550(a)(1) is a provision of Title 11 that contains the word "entity". Hence, § 106(c) applies; § 106(c) clearly constitutes a waiver of sovereign immunity. If there were any doubt, the legislative history makes unequivocally clear that "section 106(c) permits a Trustee

... to assert avoiding powers under Title 11 against a governmental unit ..." 124 Cong.Rec. H11091; S17407.

This Court disagrees with IRS's contention that *In re T & D Management Co.*, 40 B.R. 781 (Bankr.Utah 1984) supports the proposition that 11 U.S.C. § 106(c) does not constitute a waiver of the sovereign immunity of the United States.

First, the *T & D* court, rather than dealing with Congress's power to waive the sovereign immunity of the United States, was dealing with the power of Congress to deprive a state governmental unit of the defense of sovereign immunity, an entirely different and highly sensitive subject, involving delicate questions of federalism. The *T & D* court distinguished *In re Neavear*, 674 F.2d 1201 (7th Cir.1982), on precisely that basis.

Second, the *T & D* court was unable to distinguish and was reduced to labeling "no[t] persuasive" the decision by the Third Circuit Court of Appeals in *Gardner v. Commonwealth*, 685 F.2d 106, *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982). The court in *Gardner* rejected the state government's sovereign-immunity argument as "ingenious but unpersuasive" and held that "for purposes of lien avoidance [under 11 U.S.C. § 522(f)] no distinction was intended between governmental and non-governmental entities." The unavailability of sovereign immunity as a defense is even clearer in the instant case than in *Gardner*, for the lien avoidance provision at issue here, § 550(a)(1), does contain, and *Gardner's* § 522(f) does not contain, one of § 106(c)'s three "trigger words" ("creditor," "entity" or "governmental unit"). The presence of any one of these trigger words (by § 106(c)'s explicit language) defeats the defense of sovereign immunity.

Finally, the *T & D* court's tortured attempt to avoid the clear meaning of the legislative history to § 106(c) is unpersuasive:

(a) The legislative history refers to "avoiding powers"—plural and without

qualification, not singular or restricted to the sole power to avoid preferential transfers under § 547, as the *T & D* court would have it.

(b) The statement in the legislative history that "contrary language" in a prior report relating to preferential transfers was "overruled" obviously means simply that preferential transfers are included in the "avoiding powers" which can be asserted against governmental units, not (as the *T & D* court would have it) that every other avoiding power is excluded.

IRS's third and final point in its motion for reconsideration could have been but was not raised earlier. Therefore, this Court will not consider it now. Moreover, even were this Court to consider the merits of IRS's third point, the Court might well reach the same result again. Contrary to IRS's argument, it appears that there may well be a statute or statutes that specifically authorize interest on recoveries of tax payments against the Government. *See* 26 U.S.C. § 6611; 28 U.S.C. § 2411.